UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 23-865 and 23-869 _____     _____ Caption [use short title] _____

Motion for: Emergency Rule 27-1 Motion: Actual innocent

of all charges in the 04cr1224 (SDNY) and 05cr1115

(SDNY) fraudulent and moot indictments.

Set forth below precise, complete statement of relief sought:

Entry of the Parties' Joint Stipulated Order--(1) certified accounting

of all Section 16(b) profits and proceeds; (2) certified

chain of custody of all judicial records in the Criminal

Proceedings; and (3) disclosure of all District Judge

Colleen McMahon's CPN investments, and additional

emergency reliefs.

**Ware v. United States, et al.**

MOVING PARTY: Ulysses T. Ware _____     OPPOSING PARTY: United States, Edgardo Ramos, Laura Taylor-Swain

[ ] Plaintiff          [ ] Defendant

[✓] Appellant/Petitioner    [ ] Appellee/Respondent

MOVING ATTORNEY: Ulysses T. Ware _____     OPPOSING ATTORNEY: Damian Williams U.S. Attorney (SDNY)

[name of attorney, with firm, address, phone number and e-mail]

The Office of Ulysses T. Ware, Ulysses T. Ware        Office of the U.S. Attorney (SDNY)

123 Linden Blvd., Ste 9-L, Brooklyn, NY 11226          1 St. Andrews Plaza

(718) 844-1260; utware007@gmail.com                  New York, NY 10007

Court- Judge/ Agency appealed from: USDC (SDNY) (Ramos, J.), 22cv10566 (SDNY) and 22cv3409 (SDNY).

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[✓] Yes   [ ] No (explain):
Damian Williams was notified on 10.11.23 with notice.

Opposing counsel's position on motion:
[✓] Unopposed  [ ] Opposed  [ ] Don't Know
Does opposing counsel intend to file a response:
[ ] Yes  [✓] No  [ ] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?  [ ] Yes [✓] No
Has this relief been previously sought in this court?  [✓] Yes  [ ] No
Requested return date and explanation of emergency:
Petitioner request a return date of October 16, 2023 for entry of the
requested emergency relief. Petitioner is currently and will continue to suffer irreparable harms,
injuries, and damages caused by the past, present, and future crimes
of the respondent (Appellee).

Is oral argument on motion requested?  [ ] Yes  [✓] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  [ ] Yes [✓] No  If yes, enter date: _____

**Signature of Moving Attorney:**

/s/ Ulysss T. Ware _____ Date: October 12, 2023   Service by: [ ] CM/ECF  [✓] Other [Attach proof of service]

# No. 23-865/23-869 (38)
## Filed on 10/12/2023 6:42:33 AM

## *In the United States Court of Appeals For the Second Circuit*

———

### *Ulysses T. Ware (Appellant)*

*v.*

### *United States, et al. (Appellee).*

_____

### Rule 27-1 Emergency Actual Innocent Motion.

Ulysses T. Ware's Hobbs Act Kidnapping[1] and Murder for Hire (crimes of violence)--Actual Innocent, Dispositive, Emergency Rule 27-1 Motion for Relief.[2]

---

[1] See Ex. 8, infra—the Sept. 1, 2004, Atlanta, GA Hobbs Act attempted armed robbery, RICO 18 USC 1961(6)(B), unlawful debt collection activities, extortion, kidnapping, attempted murder for hire conspiracy executed by federal District Judges (NDGA) Thomas W. Thrash, Jr., Leonard B. Sand, (SDNY), Circuit Judge Peter W. Hall, William H. Pauley, III, (SDNY), Circuit Judge Robert A. Katzmann, Robert W. Sweet, (SDNY) Kenneth A. Zitter, Alpha Capital, AG, LH Financial Services, Ari Rabinowitz, the U.S. Marshals, et al. against Appellant Atlanta, GA lawyer Ulysses T. Ware, Esq. to *collect* GX 1-4, (criminal usury, convertible promissory notes), the NYS Penal Law, 190.40, loan sharking, unlawful debt.

[2] 18 USC §1958 renders it illegal: 1) to travel or use facilities of interstate or foreign commerce; 2) with intent that *a murder* in violation of State or Federal law be committed; 3) for money or other pecuniary compensation. *See United States v. Ritter*, 989 F.2d 318, 321 (9th Cir. 1993). The government is not required to prove that a defendant intended or knew that the mails or any other facility of interstate commerce would be used or that interstate travel would occur. *United States v. Edelman*, 873 F.2d 791, 794-95 (5th Cir. 1989). Rather, a defendant must use or cause another to use such a facility with the intent that a murder be committed. *See United States v. Winter*, 33 F.3d 720, 721 (6th Cir.), *cert. denied*, 115 S.Ct. 1148 (1994). According to the legislative history, § 1958 covers both the "hit man" and the contractor [mob boss Ari Rabinowitz, forger Konrad Ackermann, fugitive Thomas Badian, convicted felon Edward M. Grushko, Leonard B. Sand, Kenneth A. Zitter, David N. Kelley, Peter W. Hall, Robert A. Katzmann, et al.]

Appellant Ulysses T. Ware's Brady Demand on Attorney General Merrick B. Garland[3], Andre Damian Williams, Won Shin, Edgardo Ramos, the District Court (SDNY) Record Department (Custodian of Records), Laura Taylor-Swain, Robert D. Sack, Amalya L. Kearse, and the U.S. Probation Office (SDNY), Pursuant to 28 USC 519 _for the Immediate Search, Disclosure, and Production of all Brady evidence and Judicial Public Records_ associated with Government Witness Jeremy Jones; Grand Jury and Trial Witnesses—**_unregistered_** broker-dealer Ari Rabinowitz, Kenneth A. Zitter, FRE 404(b) witness former SEC lawyer Jeffrey B. Norris, Myron Williams, Carlton Epps, Elrico Sadler, Charles H. Jackson, and Vanessa G. Beckett, Leonard A. Churn, Bridgett Hallman, and Andrea Johnson, M.D.

---

under the theory that **_the contractor causes the hit man_** to travel or use facilities in interstate commerce. S. Rep. 225 at 306. According to confidential sources the Hobbs Act RICO business intelligence investigation into New York-based Andre Damian Williams, Colleen McMahon, Frank V. Sica, <mark>Tailwind Capital Management LLP</mark>, David N. Kelley, Alexander H. Southwell, Baker & McKenzie, LLP, Kilpatrick, Townsend, & Stockton, LLP, LH Financial Services, Alpha Capital, AG (Anstalt), Ari Rabinowitz, Konrad Ackermann, Leonard B. Sand, Peter W. Hall, Robert A. Katzmann, Amalya L. Kearse, Robert D. Sack, Edgardo Ramos, Laura Taylor-Swain, Debra Ann Livingston, William H. Pauley, III, Robert W. Sweet, et al., is ongoing, and numerous witnesses have been interviewed who have **_personal knowledge_** of the facts and circumstances of other murders, kidnappings, extortion, payoffs, kickbacks, gifts, favors, illegal gratuities, bribery, grand jury fraud, bankruptcy conspiracy, judicial bribery, theft of judicial court records, prosecutorial misconduct conspiracy, racketeering, conspiracy, unlawful debt collection, loan sharking, and money laundering 18 USC 1961(1) RICO predicate offenses.

[3] Merrick B. Garland, was a former **_Circuit Judge_** on the Court of Appeals for the D.C. Circuit. See **_In re Sealed Case_**, 185 F.3d 887 (D.C. Cir. 1999) (Garland, J.) (ordered the government to "search for," and "disclose" all plea and cooperation agreements of all witnesses or persons involved in criminal proceedings—ruled the government had a Brady "duty to search" for all cooperation agreements (Brady materials) and disclose what was found to the defendant). Cf. alleged Sept. 2006 null and **_void ab initio_** Rule 11 [perjury] plea and USSG 5k1.1 [perjury] cooperation contracts of a person whom **_Merrick B. Garland and the DOJ_** claim is "Jeremy Jones." New evidence implicates Garland, his former law clerk, Damian Williams, NY Senator Charles Ellis Schumer, and other federal judges and prosecutors in a <mark>murder for hire conspiracy</mark> that involves <mark>NYC Mob Boss Soloman Obstfeld</mark>, the former CEO of LH Financial Services, the boss and control person for 02cv2219 (SDNY) lawsuit plaintiff international loan sharking/money laundering/extortion/murder criminal enterprise Alpha Capital, AG. See Ex. 14, infra, and Appx. 53, 54, and 55 are attached hereto.

Thursday, October 12, 2023
(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

Respectfully submitted by:

/s/ Ulysses T. Ware

The Office of Ulysses T. Ware

123 Linden Blvd

Ste 9-L

Brooklyn, NY 11226

(718) 844-1260

utware007@gmail.com

Thursday, October 12, 2023

(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

# Table of Contents

A   Nature of the ongoing emergency—Appellee's ongoing and continuous violent and dangerous RICO crimes, crimes of violence—a clear, *current, and present danger* to Ulysses T. Ware. ................... 6

B.   Opening statement. ................................................................................................................ 11

I   Introduction—Notice of Emergency Rule 27-1 motion. .................................................... 12

Requested Emergency Reliefs. .............................................................................................. 19

(i)   15 USC 78p(b) Short Swing Profits Accounting Relief—GX 24 (04cr1224). ............................. 19

(ii)   Appellant moves the Court for the immediate production and disclosure of a certified chain of custody, ("Chain of Custody"), by Appellee of all judicial court records, (the "Court Records"), involved in the 04cr1224 and 05cr1115 district court (SDNY) proceedings, (the "Criminal Proceedings"). ........................................................................................................ 29

(iii)   Appellant moves the Court for an order directing District Judge Colleen McMahon (02cv2219) and Appellee to disclose and produce copies of Judge McMahon's and her spouse, Frank V. Sica's, personal investments in convertible promissory notes, ("CPNs"), disclosed in Judge McMahon's judicial financial records. ..................................................................................... 35

II   Appellee's implied consent to the requested emergency relief. ....................................... 38

III   Conclusion. ........................................................................................................................ 38

IV   October 11, 2023--The Parties' Joint Stipulated Proposed Order for Relief. .................... 40

V   October 11, 2023, 2023--Ulysses T. Ware's Declaration of No Opposition. ..................... 45

Exhibit 1—23-865 Docket as of August, 2023, at 7:11 AM. .................................................... 50

Exhibit 2—23-869 Docket as of August 10, 2023, as of 7:11 AM. ........................................... 51

Exhibit 3—FINRA's May 17, 2021, unregistered broker-dealer certification. ........................... 52

Exhibit 4—Concealed and suppressed actual innocent Brady exculpatory evidence which established the SEC's lawyers did not believe there was any conspiracy in which "Jeremy Jones" was involved in— *actual innocent Brady exculpatory and impeachment evidence* in the possession of the USAO, the SEC, Damian Williams, and Merrick B. Garland. ............................................................... 53

Exhibit 5-- Concealed and suppressed actual innocent Brady exculpatory evidence. ........................... 54

Exhibit 6-- Concealed and suppressed actual innocent Brady exculpatory evidence—the unsigned Las Vegas commingled SEC-DOJ Bootleg Grand Jury manifestly fraudulent and frivolous complaint. .......... 55

Exhibit 7—Suppressed and concealed Brady evidence regarding a person claimed to be "Jeremy Jones." ...................................................................................................................... 56

Exhibit 7-1-- Concealed and suppressed actual innocent Brady exculpatory evidence regarding a person claimed to be "Jeremy Jones." .................................................................................... 57

Exhibit 7-2-- Concealed and suppressed actual innocent Brady exculpatory evidence regarding a person claimed to be "Jeremy Jones." *2009* Ruby Krajick's bogus, fraudulent, and criminally fabricated 05cr1115 (SDNY) docket contains no record of the fake and fabricated alleged Rule 11 *Sept 2006* proceeding that involved Jeremy Jones. ............................................................................................... 58

Exhibit 8—Atlanta, GA Sept. 1, 2004, Hobbs Act, RICO 18 USC 1961(6)(B) U.S. Marshals' unlawful debt (GX 1-4, GX 5) collection crimes committed against Appellant, Ulysses T. Ware, Esq.—that is, Hobbs Act armed robbery, kidnapping, illegal search and seizure, arrest, and extortion to collect the GX 1-4, GX 5, criminal usury, unlawful debt. ............................................................................................................... 59

Exhibit 8-1—USAG Alexander H. Southwell and disgraced former SEC lawyer Jeffrey B. Norris' collusion during the Las Vegas Bootleg Grand Jury proceedings regarding Ex. 8, supra, the Hobbs Act armed robbery on Sept. 1, 2004, in Atlanta, GA of Ulysses T. Ware. ............................................................... 60

Exhibit 9--Concealed and suppressed actual innocent Brady exculpatory evidence of a person that is claimed to be "Ari Rabinowitz." Proof of the RICO loan sharking conspiracy. ......................................... 61

Exhibit 10—GX 24 (04cr1224) August 13, 2003, judicial admission of 15 USC 78p(b) statutory insider status for each 02cv2219 (SDNY) plaintiff—that is, each plaintiff is required to disgorge back to Ulysses T. Ware and GPMT **all illegal insider trading short-swing profits**—which require that the Court order the USAO to file with the Court a certified accounting from each plaintiff, LH Financial Services, Ari Rabinowitz, and Konrad Ackermann, regarding all illegal insider-trading 15 USC 78p(b) strict-liability short-swing profits realized by each plaintiff from trading in GPMT's equity securities. ................... 62

Exhibit 10-1 (Con't)—GX 24 ............................................................................................................ 64

Exhibit 11—Suppressed and concealed Norris Brady impeachment evidence regarding the SUAO's 04cr1224 (SDNY) FRE 404(b) witness, disgraced former SEC lawyer Jeffrey B. Norris' professional bad acts. ................................................................................................................................................. 65

Exhibit 12—Conspiracy between Colleen McMahon, Wendy L. Hagenau, and the USAO—the coordinated, collusion, and action in concert to conceal, suppress, and cover up actual innocent Brady exculpatory and impeachment evidence. ............................................................................................... 66

Exhibit 13—DOJ's EOUSA's March 20, 2023, Admission of Brady violations, and civil and criminal contempt, 18 USC 401(2), 401(3), of the Brady court orders entered in the Criminal Proceedings. ..... 67

Exhibit 14—Reporting on the death (murder for hire) of Jewish NYC Loan Sharking/Money Laundering/Extortion Mob Boss Soloman Obstfeld, the CEO of LH Financial Services. ........................ 68

# The Office of Ulysses T. Ware

123 Linden Blvd
Ste 9-L
Brooklyn, NY 11226
(718) 844-1260
utware007@gmail.com

Wednesday, October 11, 2023

Via email to won.shin@usdoj.gov and Damian.williams@usdoj.gov
United States Department of Justice
Attorney General Merrick B. Garland
950 Pennsylvania Ave
Robert F. Kennedy Bldg.
Washington, D.C. 20530

Re:     Immediate production of **U.S. v. Ware**, 05cr1115 "principal witness" Jeremy Jones' alleged Rule 11, USSG 5k1.1 perjury contracts, debriefing notes, benefits paid and offered, Rule 11 transcripts, sentencing memorandums, sentencing transcription, ex parte applications, other judicial public records, and Brady materials, (the "**Concealed Brady Evidence**"), in the actual and/or constructive possession of the USAO (SDNY) and its agents, proxies, surrogates, and alter-egos; as well as the same regarding any other government <mark>*trial or grand jury*</mark> witness.

# Hobbs Act Kidnapping and Murder for Hire conspiracy. Notice of Emergency Rule 27-1 Motion for Relief.

A     Nature of the ongoing emergency—Appellee's ongoing and continuous violent and dangerous RICO crimes, crimes of violence—a clear, _current, and present danger_ to Ulysses T. Ware.[4]

---

[4] On September 2, 2023, around 5:00 PM, <mark>**U.S. Attorney (SDNY) Damian Williams**</mark>, in disguise, was seen near the office of Ulysses T. Ware and appeared _to follow and have Mr. Ware under surveillance_ possibly attempting to kidnap Ulysses T. Ware, or murder Mr. Ware as the CCE had LH Financial Services' Mob Boss Soloman Obsfeld murdered. See Ex. 14, infra.

Thursday, October 12, 2023
(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

Appellant Ulysses T. Ware is ***actually and factually innocent*** of all charges in the ***U.S. v. Ware***, 04cr1224 (SDNY) and ***U.S. v. Ware***, 05cr1115 (SDNY) proceedings, (the "**Criminal Proceedings**"). Appellant has uncovered newly discovered actual innocent, Brady exculpatory evidence, see Ex. 13 and 14, and Appx. 53, 54, and 55 attached hereto that was deliberately and intentionally suppressed, concealed, and hidden by the Appellee and its agents, proxies, surrogates, and alter-egos, (the "**Appellee**")—participants, directly or indirectly, in the knowingly, deliberately, intentionally, and systematically has criminally used the processes, procedures, and employees of the federal and state courts and agencies to perpetrate, conceal, suppress, and cover up an ***ongoing*** (1) Hobbs Act, 18 USC 1951, kidnapping and murder for hire criminal conspiracy, loan sharking/extortion/kidnapping/money laundering criminal enterprise[5] and (2) decades-long Jim Crow racially-motivated hate crime conspiracy against Ulysses T. Ware, (the "**Jim Crow Hate Crime Criminal Conspiracy**"). That is the nature of the emergency before the Court.[6]

Appellant is currently, has been since 2002, and will continue into the future to suffer egregious and malicious irreparable harms, injuries, and damages to his liberty, pecuniary, penal, personal, business, family, ***and mental and physical health interests***—compensatory damages in the sum certain amount of $2.225 billion dollars, as a result of the past and ongoing crimes

---

[5] See Ex. 14, infra.

[6] If one reports a violent crime to the police, do the police have a duty and responsibility to investigate the alleged crime? Of if the alleged crime involved police officers are the police lawfully authorized to conduct no investigation of the alleged crime? See State of GA v. Trump, 23sc188997 (Fulton Co, GA) re RICO conspiracy indictment. The former President of the United States is not above the law, thus the participants in the Jim Crow Hate Criminal Conspiracy are not above the law and must be investigated, charged, and prosecuted for their crimes.

committed against his interests by the knowing and willing participants in the Alpha Capital/LH Financial Services[7] Hobbs Act kidnapping and murder for hire criminal conspiracy, ("**Murder for Hire**"),[8] and Jim Crow Hate Crime Criminal Conspiracy.[9]

The *undisputed factual record* currently before this Court shows:[10]

(A) that the participants, Appellee, et al. in the RICO Jim Crow Hate Crime Criminal Conspiracy are **violent criminals**, and **<u>will and have committed violent crimes</u>**, see the Sept. 1,

---

[7] According to FINRA's custodian of records, see Ex. 3, infra, the 02cv2219 (SDNY) plaintiffs, and LH Financial Services have never lawfully registered as brokers or dealers in securities as required by federal law, 15 USC 78o(a)(1), or NYS law. Cf., District Judge (SDNY) Colleen McMahon and her alleged spouse, Frank V. Sica's similar loan sharking crimes, see NYS Penal Law, section 190.40, the criminal usury law, a class E. felony, regarding the underwriting, funding, and collection (cf., 18 USC 1961(6)(B)) of criminal usury unlawful debt convertible promissory note investments, which contain a floating price conversion option.

[8] 18 USC 1958 renders it illegal: 1) to travel or use facilities of interstate or foreign commerce; 2) with intent that a murder in violation of State or Federal law be committed; 3) for money or other pecuniary compensation. *See* **United States v. Ritter**, 989 F.2d 318, 321 (9th Cir. 1993). The government is not required to prove that a defendant intended or knew that the mails or any other facility of interstate commerce would be used or that interstate travel would occur. **United States v. Edelman**, 873 F.2d 791, 794-95 (5th Cir. 1989). Rather, a defendant must use or cause another to use such a facility with the intent that a murder be committed. *See* **United States v. Winter**, 33 F.3d 720, 721 (6th Cir.), *cert. denied*, 115 S.Ct. 1148 (1994).

[9] U.S. Attorneys' Manual: §**9-131.010 – Introduction.**
This chapter focuses on the Hobbs Act (18 U.S.C. § 1951) which prohibits actual or attempted robbery or extortion affecting interstate or foreign commerce. Section 1951 also proscribes conspiracy to commit robbery or extortion without reference to the conspiracy statute at 18 U.S.C. § 371. Although the Hobbs Act was enacted as a statute to combat racketeering in labor-management disputes, the statute is frequently used in connection with cases involving public corruption, commercial disputes, violent criminals and street gangs, and corruption directed at members of labor unions.

[10] Merrick B. Garland and Damian Williams of the DOJ deliberately appeared in the sub judice Criminal Proceedings, however, neither on behalf of the DOJ nor in regard to their personal and individual pecuniary or penal interests have not contested the factual basis of the habeas corpus claims and thus have waived, forfeited, and abandoned any factual opposition to the claims.

2004, Atlanta, GA Hobbs Act extortion, **armed robbery**,[11] extortion, and kidnapping of Appellant in furtherance of the 18 USC 1961(6)(B) RICO unlawful debt collection activities regarding 04cr1224 trial exhibits GX 1-4 (the RICO criminal usury unlawful debts), to achieve their criminal objectives[12]—murder for hire, see Ex. 14, infra, money laundering, short-swing insider trading, securities fraud, conspiracy to commit securities fraud, conspiracy, racketeering, mail and wire fraud, bank fraud, bankruptcy fraud, obstruction of justice, witness tampering, perjury, bribery, honest services fraud conspiracy, denial of rights, kidnapping, robbery, extortion, criminal usury, grand jury fraud, theft of judicial court records, and hate crimes;

(B) shows that District Judge (SDNY) Colleen McMahon has and will corruptly use her judicial authority to protect her and her alleged spouse's (Frank V. Sica's), personal, penal, and pecuniary interest vis-à-vis their **_personal_** investment of more than +$22 million in RICO criminal usury convertible promissory notes, an overt 28 USC 455(a), 455(b)(1-5) actual conflict of interest, and egregious violation of the _Code of Conduct for Federal Judges_, Canons, 1, 2, 2A, etc.—money laundering and RICO Hobbs Act extortion and unlawful debt collection activity, done while McMahon obstructed the 02cv2219 (SDNY) proceedings to conceal and protect her penal and money interests that would be placed in legal jeopardy had she ruled for Appellant, cf., **Dkt. 119,**

---

[11] The Sept. 1, 2004, Atlanta, GA, Ex. 8, infra, kidnapping and attempted "armed robbery" of Ulysses T. Ware, Esq. by the U.S. Marshals and Thomas W. Thrash, Jr., with ==**weapons drawn**==, threatening to murder Mr. Ware in furtherance of the 18 USC 1961(6)(B) unlawful debt collection activities of the Appellee and its agents ==**is a violent crime**== for purposes of the Hobbs Act, 18 USC 1951 et seqs—the Appellees have shown their willingness and propensity to resort to violence, including murder, kidnapping, false arrest, illegal search and seizure, extortion, and other crimes to further their criminal objectives.

[12] See Ex. Id.

(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

**120, 137, 141, and 151** (02cv2219) (McMahon, J.) (dubious and risible moot, ultra vires purported court orders);[13]

(C) shows that Chief Bankruptcy Judge Wendy L. Hagenau (BC NGDA) will criminally, corruptly, and _incompetently_ use her judicial authority to obstruct the **In re Group Management Corp**, 03-93031 Chapter 11 judicial proceeding, cf., Dkt. 28, 256, 274, and 275, to conceal the GPMT's _stock certificate forgery and counterfeiting crimes_ committed by the bankruptcy court employees and the Atlanta, GA law firm, Kilpatrick, Townsend, & Stockton, LLP, and their partners during the 03-93031 Chapter 11; and

(D) shows that District Judges (SDNY) Edgardo Ramos and Laura Taylor-Swain, Ruby Krajick, the USPO, and Damian Williams, Merrick B. Garland, Lisa Monaco, Vanita Gupta, Daniel Gitner, Margaret M. Garnett, Won Shin, Jun Xiang, Katherine Polk-Failla, Melissa Childs, and others Wendy L. Hagenau, Colleen McMahon, Robert D. Sack, Amalya L. Kearse, Debra Ann Livingston, will go to great length—murder for hire, kidnapping, armed robbery, loan sharing, money laundering, perjury, bribery, extortion, obstruction of justice, forgery, conspiracy, fabrication of court records, theft of court records, suppression and concealment of actual innocent Brady exculpatory and impeachment evidence, see Ex. 13, infra, and risibly contort, dubiously, and criminally obstruct the due administration of justice, obstruct judicial proceedings, steal, remove, suppress, and conceal judicial court records in furtherance of the CCE's criminal objectives.

---

[13] Colleen McMahon's, Laura Taylor-Swain, Robert D. Sack, Amalya L. Kearse, Thomas W. Thrash, Jr. Wendy L. Hagenau, Kent J. Dawson, and Debra Ann Livingston, crimes constitute high crimes and misdemeanors impeachable offenses under Article I of the Constitution of the United States.

Thursday, October 12, 2023
(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

Without the entry of the requested emergency relief, the ongoing crimes committed by Appellee will continue unabated and without cessation.

## B.    Opening statement.

Appellant moves this Court pursuant to Local Rule 27-1 for emergency actual innocent dispositive relief—relief if granted, or not granted, will render the pending appeals 23-865 and 23-869, (the "**Appeals**"), and the underlying district court proceedings, 22cv10566 (SDNY) (Ramos, J.), *U.S. v. Ware*, 04cr1224 (SDNY) (Ramos, J.), and *U.S. v. Ware*, 05cr1115 (SDNY), (the "**Moot District Court Proceedings**"), and the *In re Group Management Corp.*, 03-93031 (BC NDGA), Chapter 11 proceedings moot for lack of Article III and 18 USC 3231 subject matter jurisdiction.  The record currently before this Court and before the district courts (including the Atlanta, GA 03-93031 bankruptcy court) has not and cannot be disputed by the Appellee, the plaintiff, the party with the burden of proof and production to establish (i) its standing, (ii) the district courts' jurisdiction over the subject matter of the proceedings, and (iii) the claims (charges)—whether or not the indictments charged a cognizable 18 USC 3231 "offense" in the respective indictments' allegations.

Appellant contends the newly discovered ***actual innocent, Brady exculpatory and impeachment evidence  currently before this Court*** was deliberately and intentionally concealed and suppressed by Appellee, et al. during the Criminal Proceedings' (and the 03-93031 Chapter 11 proceedings) in resistance to and in violation of the Brady Court Orders, cf., Ex. 13, infra, and moreover,  the evidence shows that Appellee's indictments' risible charges *failed as a matter of*

*law and fact* to charge an 18 USC 3231 cognizable "offense"[14] and accordingly, the respective district courts lacked jurisdiction over the subject matter of the indictment. Which  ipso facto rendered the sub judice Criminal Proceedings moot and null and void ab initio.

Appellant brings and raised this ***actual innocent*** "threshold" ***Hobbs Act Murder for Hire*** jurisdictional challenge to the district courts' 18 USC 3231, and this Court's Article III, and appellate jurisdiction to judicate or review the merits of the claims or issues, see ***Steel Co. v. Citizens for a Better Environment***, 523 U.S. 83, 94-96 (1998) (Scalia, J.) (a federal court is authorized upon its own motion (sua sponte) or upon [L.R. 27-1 Emergency] motion of the parties to ascertain and affirmatively establish its jurisdiction over the subject matter of the claims or issues *at any stage of the proceedings; and if jurisdiction is found lacking the federal court is not authorized to go any further, but is required to notice the defect and dismiss the cause*). (emphasis added).


I        Introduction—Notice of Emergency Rule 27-1 motion.

---

[14] Ipso facto as a matter of law ***it is not, and cannot be*** a cognizable 18 USC 401(3) "offense" for Ulysses T. Ware, Esq., GPMT's securities counsel to not draft, sign, and issue bogus and fraudulent Rule 144(k) legal opinions to the 02cv2219 (SDNY) plaintiffs, **unregistered brokers/dealers**, 15 USC 78p(b) **statutory insiders** (affiliates of the issuer), and 15 USC 77b(a)(11) **statutory underwriters** of the issuer (GPMT), which would enable and facilitate the 18 USC 1961(6)(B) collection of the RICO unlawful debts, GX 1-4, and to criminally circumvent 15 USC 77e, 77x, and 78ff of federal law. Appellant is factually and actually innocent of all bogus and risible charges in Appellee's ***U.S. v. Ware***, 04cr1224 (SDNY) RICO Unlawful Debt Collection indictment procured by Appellee (David N. Kelley, et al.) as the criminal means to enable the LH Financial Services RICO loan sharking criminal enterprise to collect GX 1-4, the NYS Penal Law, section 190.40 criminal usury, unlawful debts in violation of 18 USC 1961(6)(B). See ***U.S. v. Grote***, 921 F.3d 105 (2d Cir. 2020) (aff'd convictions, sentences, and $+3.5 billion RICO forfeiture judgment for unlawful debt collection activities).

Mr. Garland, Mr. Williams, Mr. Shin, Mr. Gitner, and Ms. Garnett, jointly, (the "**DOJ**"):

Please be advised, take notice, and be aware that Appellant, Ulysses T. Ware, 23-865/23-869 (2d Cir.), (the "**Appeals**"), hereby this 11th day of October 2023, gives notice to the U.S. Dept. of Justice, (the "**DOJ**"), and to you, personally, pursuant to 28 USC 519 in your _supervisory_ capacity--given that you are _**currently directly supervising**_ the litigation of the Appeals and the search, disclosure, and production of the government's **_U.S. v. Ware_**, 05cr11115 (SDNY), ("**1115**"), "principal witness" a person that you claim, _without any proof in the record_, is "Jeremy Jones"—that Appellant will move the Court of Appeals for the following relief, to wit:

1. The entry of the **Proposed Emergency Order** directed to the USAG Merrick B. Garland, his subordinate, U.S. Attorney (SDNY) Andre Damian Williams, his former law clerk, and the DOJ's EOUSA to show cause in the District Courts (SDNY)—(i) **_U.S. v. Ware_**, 04cr1224 (SDNY) and (ii) **_U.S. v. Ware_**, 05cr1115 (SDNY), jointly, (the "**Criminal Proceedings**"), pursuant to 18 USC 3231 and Article III of the Constitution of the United States not later than Monday, October 16, <mark>**2023, at 10:00 PM, time of the essence**</mark>: (I) produce a certified chain of custody signed under oath by Merrick B. Garland, Ande Damian Williams, Daniel Gitner, Margaret M. Garnett, Lisa Monaco, and Vanita Gupta, with respect to all **_judicial court records associated_** with and/or related to **_U.S. v. Ware_**, 05cr1115 (SDNY)[15] and

---

[15] All judicial records associated with the alleged Sept. 2006 Rule 11 proceedings in the Magistrate Court (SDNY), Dolinger, J., all Rule 11 pleas contracts, all USSG 5k1.1 cooperation contracts with all government witnesses in the Criminal Proceedings, all requests for benefits made by all government witnesses, all payments or provisions of all benefits-- penal, pecuniary, personal, or official, provided to any government witness or other person(s) by the government; all Brady exculpatory and impeachment materials, all Rule 16 materials, all Jencks Act statements of all government trial and grand jury witnesses who testified at trial for the government; all debriefing notes and other records made of any statement made by a

2. ***U.S. v. Ware***, 04cr1224 (SDNY), (the "**Criminal Proceedings**")[16];

3. disclose and produce a certified inventory of all criminal usury convertible promissory note (CPN) investments made by and/or owned by District Judge (SDNY) Colleen McMahon, Frank V. Sica, Tailwind Capital Management—LLP, the McMahon's purported "private foundation, Alpha Capital, AG (Anstalt), LH Financial Services, Ari Rabinowitz, Konrad Ackermann, Stonestreet, L.P., Markham Holdings, Ltd, and Amro International, S.A.;"[17]

---

government trial or grand jury witness; all inconsistent statements of any government trial or grand jury witness; all inculpatory statements of any government trial or grand jury witness; all email or other communications between the USAO and the SEC and its agents before, during, and after the Las Vegas 03-0831 (D. NV) Bootleg Grand Jury proceeding; and all Brady impeachment materials associated with Jeffrey B. Norris, Ari Rabinowitz, Kenneth A. Zitter, LH Financial Services, Alpha Capital, AG, Stonestreet, L.P., Markham Holdings, Ltd, Konrad Ackermann, Ari Kluger, Trailblazer Merger Corp. I, Tailwind Capital Management LLP, Amro International, S.A., Colleen McMahon, Frank V. Sica, Thomas W. Thrash, Jr., Baker & McKenzie, LLP, Kilpatrick, Townsend, & Stockton, LLP, Garland, Samuel, & Loeb, P.C., Marlon G. Kirton, Michael F. Bachner, Gary G. Becker, David Makol, and Maria E. Font.

[16] Appellant demands the immediate disclosure and production of a certified financial disclosure and inventory from the DOJ that lists and details each and every trade—that is, the purchase and sale, or sale and purchase, and **the disclosure of all profits and proceeds realized from each trade within the scope of 15 USC 78p, short-swing profits**, made by Union Atlantic Capital, LLP, Alpha Capital, AG, Stonestreet, L.P., Markham Holdings, Ltd., Amro International, S.A., Konrad Ackermann, Thomas Badian, Ari Rabinowitz, LH Financial Services, Kenneth A. Zitter, Colleen McMahon, Frank V. Sica, David N. Kelley, and their agents, proxies, surrogates, and alter-egos in the equity securities of IVG Corp., a/k/a Group Management Corp, (OTCBB:GPMT), hereinafter, "GPMT", beginning on or about January 1, 2001, and continuing to December 31, 2010.

[17] According to public judicial financial records supplied by the Administrative Office of the U.S. Courts District Judge Colleen McMahon and her *alleged* spouse, Frank V. Sica, ***personally*** owned more than +$22 million in NYS Penal Law, section 190.40, the criminal usury law, **a class E felony**, convertible promissory note investments, (CPNs)—which is also a violation of the Hobbs Act, 18 USC 1951, and 18 USC 1961(6)(B), the collection of an unlawful debt, the same subject matter involved in the 02cv2219 (SDNY) litigation over which Judge McMahon had an actual penal and pecuniary objective conflict of interest, which required her to have recused herself, 28 USC 455(a), 455(b)(1-5) (i-v), from all involvement in 02cv2219 (SDNY) and ***In re Group Management Corp***., 03-93031 (BC NDGA), cf., Ex. 4, infra—the collusion and conspiracy with Wendy L. Hagenau to cover up and conceal Judge McMahon's crimes committed regarding the 02cv2219

4.  produce and disclose an 18 USC 1961(6)(B) certification of a listing and inventory of all unlawful debt collection activity engaged in by the 02cv2219 (SDNY) plaintiffs, their agents, proxies, surrogates, and alter-egos in the collection of GX 1-4 and GX 5 (the Criminal Usury Convertible Promissory Notes) with respect to 04cr1224 (SDNY) government trial exhibits GX 1-4, GX 5, GX 7 GX 11, GX 24, GX 34, and GX 250-253;

5.  production and disclosure of a ***certified audit and accounting*** of all 15 USC 78p(b) short-swing, illegal insider trading and 18 USC 1961(6)(B) unlawful debt collection trading in the equity securities of IVG Corp. or Group Management Corp. by the 02cv2219 (SDNY) plaintiffs, Ari Rabinowitz, LH Financial Services, Konrad Ackermann, their agents, proxies, surrogates, and alter-egos;

6.  open a Murder for Hire evidentiary hearing/investigation in the district courts (SDNY) and accept evidence regarding (1) investigate the origins of funding for GX 1-4, NYS Penal Law, section 190.40, RICO 18 USC 1961(6)(B) unlawful convertible promissory notes/debts, GX 5, the RICO 18 USC 1961(6)(B) unlawful debt underwriting contract, (2) investigate and accept evidence regarding the death of LH Financial Services/Alpha Capital, AG (Anstalt) Mob Boss Soloman Obstfeld, and accept evidence that connects Ari Rabinowitz, Konrad Ackermann, Kenneth A. Zitter, convicted felon Edward M. Grushko, Barbara R. Mittman, Dennis S. Meir, KTS, David N. Kelley, Alexander H. Southwell, Nicholas S. Goldin, Maria E.

---

proceedings, see 02cv2219, Dkt. 120, 131, 141, and 151, also see 03-93031, Dkt. 28; and 256, 274, and 275 **(Hagenau, C.J.)** (coordinated, manifestly bogus, fraudulent, criminal, and obstruction of justice to conceal KTS's bankruptcy fraud and fraud on the court to conceal its clients' criminal status during the 03-93031 Chapter 11 proceedings).

Douvas, Leonard B. Sand, RBC (Royal Bank of Canada), and others connections with Soloman Obstfeld's alleged suicide/murder;

7.  accept evidence and conduct evidentiary hearings regarding the Sept. 1, 2004, Atlanta, GA Hobbs Act attempted armed robbery, kidnapping, extortion—crimes of violence, by the U.S. Marshals, with guns drawn, committed against Ulysses T. Ware, Esq., see Ex. 8, infra;

8.  accept evidence and conduct evidentiary hearings with respect to Chief Bankruptcy Judge (NDGA) Wendy L. Hagenau and other bankruptcy court employees' aiding, abetting, assisting, enabling, and facilitation of KTS and its clients, the 02cv2219 (SDNY) plaintiffs', appearance in, Dkt. 11, and criminal obstruction, Dkt. 14, 15, and 16, of GPMT's 03-93031 Chapter 11, 11 USC 365(c)(2) emergency motion (notice) *to reject executory criminal usury*, unlawful debt collection contracts, GX 1-4, GX 5, Dkt. 9; and investigation, and acceptance of evidence regarding Murphy, J., Dkt. 28, bogus and fraudulent order (dismissed GPMT's Chapter 11 with prejudice); Hagenau's collusive with District Jude Colleen McMahon's Dkt. 137 (bogus show cause order), 02cv2219 (SDNY)), Ramos, J. 22cv3409 (SDNY), Dkt. 126, order; Hagenau's risible Oct. 2022, Dkt. 256, (Order to Show Cause), and Hagenau's Dkt. 274, 275 (bogus, ultra vires, unlawful debt collection activities, to prevent the exposure of the criminal bankruptcy fraud conspiracy perpetrated by KTS, and its clients during the Chapter 11 proceedings);

9.  accept evidence and conduct evidentiary hearings regarding the perjury, obstruction of justice, and bribery of Jeremy Jones, Myron Williams, Carlton Epps, Elrico Sadler, pay offs,

kickbacks, or illegal gratuities offered and/or paid to Jeffrey B. Norris, Marlin G. Kirton,

Michael F. Bachner, Edward T.M. Garland, Donald F. Samuel, Manibur S. Arora, Gary G.

Becker, Vanessa G. Beckett, Leonard A. Churn, Bridgett Hallman, and Andrea Johnson,

10. for Merrick B. Garland and Andre Damian Williams, Jr. to show cause in person and in

writing in the district courts (SDNY) on or before **Friday, October 20, 2023, at 10:00 AM,**

**time of the essence**, why the Criminal Proceedings' orders, judgments, and proceedings

shall not be reversed, vacated, set aside, annulled, vitiated, voided, and dismissed with

prejudice, nunc pro tunc, for failure to charge an Article III live case or controversy, and

charge a cognizable 18 USC 3231 "offense" given:

A.    the Government's actual innocent, Article II, executive branch,

prosecutorial political decisions, dispositive factual predicates, affirmative defenses—

judicial admissions, pleaded on the face of the 1224 indictment (see ¶¶1-18)[18] or

B.    dispositive factual predicates subject to the Double Jeopardy Clause

pleaded as judicial admissions, dispositive, actual innocent, Article II prosecutorial

political decisions, factual predicates, affirmative defenses pleaded on the face of the SEC-

---

[18] U.S. Attorney (SDNY) David N. Kelley, ignorant of the law, and acting under and with a depraved and corrupt, racially-motivated Jim Crow ideology, and criminal agenda, pleaded and stipulated as fact that each 02cv2219 (SDNY) plaintiff was in fact (1) a 15 USC 77b(a)(11) ***statutory underwriter*** and (2) 15 USC 78p(b) ***statutory insider*** of the issuer, Group Management Corp., (OTCBB:GPMT), and pursuant to SEC Release 33-7190 n. 17 (1995) and U.S. v. Wolfson, 405 F.2d 779 (2d Cir. 1968) ineligible for Rule 144 exemption to Section 5, 77x, and 78ff—that is, Kelley, ignorant of the law pleaded the United States out of the federal courts by pleading Article II, prosecutorial political decisions, affirmative defenses, on the face of the 1224 indictment, which triggered the Double Jeopardy Clause's absolute finality apropos all fact-finding regarding (1) and (2) supra, and rendered the 1224 proceedings moot, null and void ab initio for failure to charge a cognizable 18 USC 3231 "offense."

Thursday, October 12, 2023
(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

DOJ's ***unsigned*** complaint[19] filed in the 2003 Las Vegas 03-0831 (D. NV) SEC-DOJ Bootleg Grand Jury proceedings in ¶33[20];

      C.     and judicial admissions and stipulations pleaded and made in open court on or about October 12, 2007, made by former AUSA Steven D. Feldman, see 05cr1115, Dkt. 99, S. Tr., 31, L 18-25; 35-36; and 73-76, ratified by the Court of Appeals' August 18, 2009, final judgment entered in ***U.S. v. Ware***, 07-5670cr (XAP) (2d Cir.), Gov-I.[21]

---

[19] Former SEC lawyer William Smith-Grieg, Esq., an officer of the court, under intense pressure by Ulysses T. Ware, Esq., capitulated, confessed, stipulated, and admitted in a judicial filing in 2012 during the Las Vegas Bootleg Grand Jury proceedings, Smith-Grieg admitted *that the SEC did not know the identity of the person who allegedly signed the 03-0831 complaint pursuant to Rule 11*—**that is, Smith-Grieg admitted, confessed, and stipulated that the SEC had no proof the 03-0831 complaint *was actually signed* by *an SEC lawyer admitted to the District Court (D. NV) on July 14, 2003, as required by Rule 11***, a judicial admission on behalf of the United States and its privies (the DOJ) the 03-0831 complaint was required to be stricken from the 03-0831 record, and *dismissed with prejudice. Ergo, equitable and judicial estoppel against the United States and its privies in all subsequent (05cr1115 and 04cr1224) judicial proceedings.*

[20] In the 2003 unsigned SEC-DOJ Bootleg Grand Jury 03-0831 (D. NV) complaint, the SEC and the DOJ both conceded—an Article II, executive branch, prosecutorial political decision, binding judicial admission and stipulation, pleaded on behalf of the United States and its privies (the DOJ), equitable and judicial estoppel, that INZS and SVSY's management's press releases "**had no effect on the stocks' *prices.*"** (paraphrased) (emphasis added). Which as a matter of law rendered the press releases immaterial for the purpose of the Government's dubious and risible 05cr1115 "fraud on the market" trial theory in an ***inefficient market***.

[21] This Court on August 18, 2009, entered final judgment in Gov-I in favor of Ulysses T. Ware, Esq., (the "**Prevailing Party**"), triggered res judicata, collateral estoppel, and the ***Double Jeopardy Clause's absolute finality and prohibition on all subsequent fact-finding with respect to all issues, facts, and claims "actually or necessarily resolved" in Gov-I***—that is, on November 7, 2008, **sua sponte, and voluntarily** the United States terminated, abandoned, and ***dismissed with prejudice*** its 07-5670 (2d Cir.) Gov-I cross-appeal. The DOJ's voluntary, sua sponte, November 7, 2008, dismissal with prejudice of the Gov-I cross-appeal (07-5670) had dire and devastating legal effects and consequences on the 05cr1115 proceedings, the 07-5222 appeal, and all subsequent proceedings (22cv3409 (SDNY), 22cv10566 (SDNY), 23-865 (2d Cir.) and 23-869 (2d Cir.)) that depend in whole and/or in part on 05cr1115: the government conceded that it failed during the 05cr1115 trial in 2007 to prove beyond a reasonable doubt the markets for INZS and SVSY's securities were ***efficient***, (cf., AUSA Feldman's judicial admissions, 05cr1115, Dkt. 99, S. Tr. 31 L 18-25; 35-36; and 73-79), and thus, conceded that its risible "fraud on the market" trial theory was moot— that is, a ***cognizable*** "fraud on the market" trial theory requires proof beyond a reasonable doubt of an ***efficient market*** which required ***expert proof*** by the government. ==***The government did not call any expert***==

Thursday, October 12, 2023
(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

Requested Emergency Reliefs.

Comes now Appellant, Ulysses T. Ware, and moves the Court pursuant to Local Rule 27-1 for substantial emergency relief from the Court to wit: Immediate entry of the attached Joint Stipulated Proposed Emergency Order of the Parties, Section IV, infra, granting the requested reliefs.

(i)       15 USC 78p(b) Short Swing Profits Accounting Relief—GX 24 (04cr1224).

A.       Appellant moves the Court for an order directing Appellee to immediately disclose and produce a certified financial audit and accounting of the 02cv2219 (SDNY) Plaintiffs' 15 USC 78p(b) illegal short-swing profits realized from insider-trading in the equity securities of the issuer, GPMT.

Exhibit I, and  Exhibit 10, infra, Appellee's 04cr1224 trial exhibit GX 24 (August 13, 2003, order, Sand, J. (deceased), 02cv2219 (SDNY)), was entered on August 13, 2003, based on *off-the-record ex parte communication* with Kenneth A. Zitter, Esq., Appellee's 04cr1224 trial witness and counsel for the 02cv2219 (SDNY) plaintiffs, (the "**Plaintiffs**"), regarding disputed issues of material facts—that is, the Plaintiffs' 15 USC 78p(b) *beneficial ownership*[22] of the equity securities of

---

<mark>*to testify in 05cr1115 on any issue or matter. Accordingly, Ulysses T. Ware is actually and factually innocent of all charges in 05cr1115.*</mark>

[22] **(b)Profits from purchase and sale of security within six months.**
For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) or a security-based swap agreement involving any such equity security within any period of less than six months, unless such security or security-based swap agreement was acquired in

defendant Group Management Corp., ("**GPMT**"), a publicly-traded company which traded on the over-the-counter bulletin board under the symbol, GPMT (OTCBB:GPMT).

Count III of the indictment is based on the GX 24 order, the alleged factual basis for the 04cr1224 indictment (the "**Indictment**"). Appellee's David N. Kelley, the former U.S. Attorney (SDNY) pleaded in paragraph 21—*actual innocent affirmative defenses* to the 18 USC 401(3) criminal contempt charges the following alleged facts which *are subject to the Double Jeopardy Clause*:

---

good faith in connection with a debt previously contracted, shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer in entering into such transaction of holding the security or security-based swap agreement purchased or of not repurchasing the security or security-based swap agreement sold for a period exceeding six months. Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date such profit was realized. This subsection shall not be construed to cover any transaction where such beneficial owner was not such both at the time of the purchase and sale, or the sale and purchase, of the security or security-based swap agreement or a security-based swap involved, or any transaction or transactions which the Commission by rules and regulations may exempt as not comprehended within the purpose of this subsection.

GX 24 null and void ab initio.

21. On or about August 13, 2003, the Court entered a

written order directing GMC to honor outstanding Conversion

Requests from Alpha Capital Aktiengesellschaft. On or about

August 23, 2003, the Court entered a written order holding GMC

and THOMAS WARE, a/k/a "Ulysses Thomas Ware," the defendant, in

bbs Act RICO extortion, robbery, and unlawful debt collection activity.

contempt of court for failing to honor certain Conversion

Requests and ordered the arrest of WARE. In or around September

2003, WARE sent to the Court a document indicating that he was

6

Appellee's David N. Kelley **_charged_** and pleaded—**_a judicial admission within the scope_**

**_of the Double Jeopardy Clause_**,  in paragraph 30, Count III, infra, of the Indictment and

incorporated GX 24 by reference—that is, Kelley implicitly included the following alleged facts,

affirmative defenses, and Article II judicial admissions and stipulations,[23] which are subject to the

Double Jeopardy Clause's prohibition on all subsequent adverse fact-finding:

---

[23] In Count I, II, and Count III Appellee and Kelley _pursuant to Article II prosecutorial discretion_ ipso facto
conceded, judicially admitted, and stipulated—which is binding on all courts, to RICO 18 USC 1961(6)(B)
loan sharking, unlawful debt collection, extortion, and Hobbs Act, 18 USC 1951, and money laundering
crimes (18 USC 1956-57) committed by the Plaintiffs', their agents, proxies, surrogates, and alter-egos;
Appellee and Kelley also pleaded violations of NYS Penal Law, section 190.40, the criminal usury law, a
class E felony.

(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion
and requested reliefs.

COUNT THREE
(Criminal Contempt)

The Grand Jury further charges:

30. The allegations set forth in paragraphs 1 through 29 are repeated, realleged, and incorporated as if set forth fully herein.

31. From in or around August 2003, up to and including the date of the filing of this Indictment, in the Southern District of New York and elsewhere, THOMAS WARE, a/k/a "Ulysses Thomas Ware," the defendant, together with others known and unknown, unlawfully, willfully, and knowingly, did disobey and resist a lawful writ, process, order, rule, decree, and command by a court of the United States, to wit, WARE disobeyed an order of the United States District Court for the Southern District of New York that was entered on or about August 13, 2003 in <u>Alpha Capital Aktiengesellschaft, Amro International, S.A., Markham Holdings, Ltd., and Stonestreet Limited Partnership</u> v. <u>Group Management Corp., Thomas Ware, Len Churn and Barry Corker</u>, 02 Civ. 2219 (LBS), ordering GMC to honor Conversion Requests

GX 24 is null and void ab initio.

10

submitted by the Civil Plaintiffs.

(Title 18, United States Code, Section 401(3).).

FOREPERSON

DAVID N. KELLEY
United States Attorney

04cr1224 trial exhibit GX 24—02cv2219 (SDNY),  August 13, 2003, order (Sand, J.).

Actual innocent Brady exculpatory evidence.

# No. 23-865

U. S. DISTRICT COURT
FILED
AUG 13 2003
S. D. OF N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

#65

------------------------------------------------------X

ALPHA CAPITAL AKTIENGESELLSCHAFT,
AMRO INTERNATIONAL, S.A.,
MARKHAM HOLDINGS, LTD., and
STONESTREET LIMITED PARTNERSHIP,

# Appx 34-2

Unregistered broker-dealers

　　　　　　　Plaintiffs,

02 Civ. 2219 (LBS)

-against-

**ORDER**

GROUP MANAGEMENT CORP.,
formerly known as IVG CORP.,
formerly known as INTERNET
VENTURE CORP.,

# GX 24

　　　　　　　Defendant.

GX 24 pleaded the Gov't out of court--actual innocent, Article II, affirmative defenses pleaded on the face of the 04cr1224 indictment, Appx. 26.

------------------------------------------------------X

SAND, District Judge.

　　　　In a telephonic conference on July 2, 2003, this Court ordered that Defendant Group
A Hobbs Act extortion, and 18 USC 1961(6)(B) criminal usury, unlawful debt collection activity.
Management comply with a conversion request by Plaintiff Stonestreet L.P., contingent on the

provision by Plaintiff of an affidavit stating, inter alia, that Stonestreet beneficially owned less

than 9.9% of Group Management's common stock, as well as an opinion letter stating that the

conversion would therefore be in compliance with Rule 144(k). See Tr. July 2, 2003. Plaintiff
A legal impossibility given each plaintiff judicially confessed to Section 2(a)(11) statutory underwriter status in
GX 5, para. 10.1(iv), as did the Government.
subsequently provided an unsworn statement to the effect that Stonestreet's ownership was

below the appropriate level; when Defendant still failed to honor the conversion request, the

Court ordered on July 23 that i) Plaintiff provide a sworn affidavit, as required by July 2 Order;

and ii) that Defendant honor the Stonestreet conversion request within two business days

thereafter, on pain of contempt.

　　　　On August 1, 2003, the Court received from Plaintiff copies of an affidavit and opinion

MICROFILM  -9:00 AM  AUG 1 4 2003

**COPIES MAILED TO ALL PARTIES** DS 8/13

Thursday, October 12, 2023
(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion
and requested reliefs.

On August 13, 2003, in illegal ex parte communications betweeh Judge Sand, Kenneth Zitter, et al., Stonestreet, LP judiciallly admitted that it in fact owned more then 9.9% of GPMT's stock, and thus judicially admitted to 15 USC 78p(b) statutory insider and affiliate status not only for itself, but also for each 02cv2219 plaintiff--that is, each plaintiff and their agents are requried to disgorge back to GPMD all profits derived from trading in GPMT's stock--$500 million is owed from Kilpatrick, Townsend, & Stockton, LLP, Wendy L. Hagenau, Coleman Ray Mullins, Joyce Bihary, M. Regina Thomas, Patricia Sinback, Dennis Meir, John W. Mills, III, J. Henry Walker, IV, David N. Kelley, Michael J. Garcia, Amalya L Kearse, Robert S. Sack, Colleen McMahon, Edgardo Ramos, Maria Douvas, Nicholas Goldin, Katherine Polk-Failla, Sarah E. Paul, Preet Bharara, Joon Kim, Damian Williams, et al.

letter relating not to Plaintiff Stonestreet, but rather to Plaintiff Alpha Capital. Plaintiff

explained, upon inquiry from Chambers, that Stonestreet in fact beneficially owned more than

9.9% of Group Management's stock.

      Given the above facts, the Court observes that the conditions set in the July 2 Order

regarding the Stonestreet conversion request have not been met, and that Defendant is therefore

not in contempt of that Order, or of the follow-up Order of July 23. Nonetheless, pursuant to

other orders of this Court, including the Order and Judgment of November 25, 2002, Defendant

is still bound to honor appropriate conversion requests from Alpha Capital, and Plaintiff has

Hobbs Act extortion, robbery, and 18 USC 1961(6)(B) RICO unlawful debt collection activity, see Appx. 34-3.

submitted both an affidavit and opinion letter regarding the legality of the current Alpha

conversion request. Accordingly, failure by Defendant to honor that request within ~~two~~ four(4) business

days of this Order shall constitute contempt.

      SO ORDERED.

Dated: New York, New York
     August 15, 2003

                                   Leonard B Sand
                                   U.S.D.J.

Kelley and Appellee by pleading and charging in Count III GX 24 as the alleged "lawful"

order that was resisted for the purpose of the criminal contempt 18 USC 401(3) charge, Appellee,

and Kelley judicially admitted and pleaded the United States out of the federal court by their

judicial admission and stipulation that each 02cv2219 Plaintiff was in fact the 15 USC 78p(b)

"_beneficial owner_ [an affiliate, and thus, triggered the disgorgement provisions][24] of more than

9.9% of [GPMT] stock." Appellee and Kelley **_pleaded and judicially admitted as fact_** in Count III

(1) that each Plaintiff _was_ **_required to disgorge back to GPMT_** "all profits" realized from the illegal

short-swing insider-trading in GPMT's equity securities from the "date of acquisition" (February

2, 2001)[25] of the criminal usury convertible promissory note conversion securities, GX 1-4, and

GX 5, (the "**Criminal Usury Unlawful Debts**"); and (2) moreover, Appellee and Kelley pleaded in

Count III that each Plaintiff, a member of the Hobbs Act extortion, loan sharking, money

---

[24] See **_Roth v. Jennings_**, 489 F.3d 499, 507 (2d Cir. 2007) (Kearse, J.)("**_Profits_** [of the 02cv2219 plaintiffs and their agents] resulting from purchase-and-sale, or sale-and-repurchase, transactions within a period of less than six months are commonly known as "short-swing" transactions, see, e.g., id. at 234, 96 S.Ct. 508; SEC Rule 16a-1(a)(3), 17 C.F.R. § 240.16a-1(a)(3). As indicated by the "irrespective of any intention" clause in § 16(b), **_that section is a strict-liability provision_**; it "requires the inside, ==short-swing trader [the 02cv2219 Plaintiffs] to disgorge all profits realized on all 'purchases' and 'sales' within the [six-month] period, without proof of actual abuse of insider information, and without proof of intent to profit on the basis of such information==," Kern County Land Co. v. Occidental Petroleum Corp., 411 U.S. 582, 595, 93 S.Ct. 1736, 36 L.Ed.2d 503 (1973) (emphasis added); see, e.g., Foremost-McKesson, 423 U.S. at 251, 96 S.Ct. 508 ("Section (b) imposes a strict prophylactic rule with respect to insider, short-swing trading."). Id. at 507. (emphasis added).

[25] Id. 507-08, "SEC Rule 13d-5 (b)(1) promulgated thereunder provides, with exceptions not pertinent here, that [w]hen two or more persons agree to act together for the purpose of acquiring, holding, voting or disposing of equity securities of an issuer, **_the group formed thereby_** ==shall be deemed to have acquired beneficial ownership==, _for purposes of sections 13(d) and (g) of the Act_==, as of the date of such agreement==, [GX 1-4, and GX 5] _of all equity securities of that issuer beneficially owned by any such persons._ 17 C.F.R. § 240.13d-5(b)(1) (emphases added). Accordingly, under § 13(d)(3) and this Rule, if two or more entities agree to act together for any of the listed purposes, a "[RICO Hobbs Act extortion, loan sharking, money laundering, unlawful debt collection criminal enterprise] **group**" is "thereby" formed." (emphasis added).

laundering, kidnapping, and **armed robbery** affiliated group, (the "**RICO CCE**") were deemed the "beneficial owner" of "all equity securities of that issuer [GPMT] _beneficially owned_ by an such **_persons [i.e., the 02cv2219 Plaintiffs]_**"—that is, Appellee and Kelley pleaded as fact that _each Plaintiff was an affiliate_ of GPMT, (the "**Kelley Affirmative Defense**"), and therefore, Kelly pleaded the Article II affirmative defense to all 18 USC 401(3) charges the plaintiffs were ipso fact as **_a matter of law ineligible_** for Rule 144(k) as a lawful exemption to 15 USC 77e, 77x, and 78ff _strict-liability_ registration requirements, cf., (i) Alpha Capital, AG's Konrad Ackermann's Rule 13G beneficial ownership disclosure filed with the SEC on November 2, 2001, Ex. G, infra, disclosing "beneficial ownership" ==_in +5.126 million equity shares of GPMT_== which according to the Declaration of GPMT's CEO Elorian Landers, ¶31, and (ii) Ackermann's January 9, 2002, Form 13G/A disclosing "beneficial ownership" of +6.8 million shares of GPMT's equity securities,[26] see below, which **_was +3.3 million shares more than the total authorized outstanding share total_**.

The government concealed and suppressed actual innocent Brady exculpatory evidence which showed the plaintiffs were engaged in in criminal securities fraud regarding GPMT's stock.

> 31. Further, it was not until January 2002 that one of the newly disclosed individuals (Konrad Ackerman) actually filed with the SEC beneficial ownership statements on Schedule 13G which revealed the substantial size of his holdings 6.8 million shares in the Company's shares. [See Attachment E.] Most significantly, the number of shares indicated on that Schedule 13G exceeded the total number of shares issued and outstanding by the Company, which at that time was only 3.5 million

---

[26] Suppressed and concealed Brady actual innocent, exculpatory evidence—that is, as a matter of law and fact Ackermann's judicial admission on behalf of Alpha Capital, AG, filed in a regulatory document, is an admission of 15 USC 78p(b) affiliate status and is binding on the government that each plaintiff was ineligible for Rule 144.

Thus, a _dispositive actual innocent Brady exculpatory_ question this Court, Appellee, Baker & McKenzie, LLP, Lawrence B. Mandala, Esq., Thomas A. Leghorn, Bernard London, Robert Alberal, Colleen McMahon, the Atlanta, GA 03-93031 Bankruptcy Court, Wendy L. Hagenau, Kilpatrick, Townsend, & Stockton, LLP. Dennis S. Meir, John W. Mills, III, J. Henry Walker, IV, John A. Horn, and Kelley must answer: "How is it **lawfully possible** given the **_Kelley Affirmative Defense_**s for Konrad Ackermann, LH Financial Services, Ari Rabinowitz, and Alpha Capital, AG on **_January 9, 2002_**, to _beneficially own_ more than the total _authorized_ outstanding share total for GPMT—that is, as a matter of fact Alpha Capital, AG [and the other Plaintiffs] are the admitted "beneficial owner" of +150% of GPMT's outstanding equity securities from the date of purchase, February 2, 2001, and up to and beyond (a) **_November 17, 2004_**, the date of the 04cr1224 Indictment, (b) November 2007, the trial in 04cr1224, during the May 2009 sentencing in 04cr1224, in 2010 during the appeal in 09-0851 (2d Cir.), and currently, during this appeal (23-865/23-869) according to SEC filings?[27]

The Kelley Affirmative Defense(s) is/are dispositive, Brady exculpatory, actual innocent, Article II prosecutorial fact(s) pleaded on the face of the Indictment—binding judicial admissions subject to the Double Jeopardy Clause, which rendered the Appellee's 04cr1224 Indictment dead

---

[27] Perhaps the most important question that has not been addressed is, How are Alpha Capital, AG, LH Financial Services, and Ari Rabinowitz lawfully able to purchase on the open market ==_authentic_== shares in GPMT that exceeded the authorized total outstanding share total? Clearly, Rabinowitz, Ackermann, Alpha, Colleen McMahon, Frank V. Sica, Leonard B. Sand, Peter W, Hall, Robert A. Katzmann, Edgardo Ramos, Laura Taylor-Swain, Barbara S. Jones, Robert W. Sweet, William H. Pauley, III, Thomas J. McCarthy, David Mulcahy, Wendy L. Hagenau, Margaret H. Murphy, Coleman Ray Mullins, Joyce Bihary, M. Regina Thomas, Patricia Sinback, Thomas W. Thrash, Jr., Kilpatrick, Townsend, & Stockton, LLP, Baker & McKenzie, LLP, and others are involved in and operated a **_stock counterfeiting operation_**, a Hobbs Act 18 USC 1951 extortion, money laundering, **_RICO conspiracy criminal enterprise_**.

on arrival in the district court in November 2007 (Sweet, J.) (deceased) as moot given Kelley's

actual innocent, Article II judicial admission-affirmative defenses pleaded on the face of the

Indictment at ¶¶1-31. The record before the district court (Ramos, J.) in 22cv3409 and

22cv10566, McMahon, J. (02cv2219), and the Atlanta, GA 03-93031 Chapter 11 bankruptcy court

(Hagenau, C.J., et al.) is indisputable, clear, convincing, and subject to judicial notice, FRE 202(b)

as government (SEC) regulatory filings—Ackermann's fraudulent Form 13G filings, Ex G and H,

infra, and Trailblazer Merger Corp. I Form S-1 blank check $60 million IPO filings.

     The money laundering criminal vehicle was registered by Loeb & Loeb, LLP's Mitchell Nussbaum,

Esq. via a false and fraudulent Form S-1 registration statement which failed to identify Rabinwotz as an

unregistered broker-dealer and unregistered investment adviser, which LH Financial Services, unregistered

broker-dealers Arie Rabinowitz, and others, will use to launder the ill-gotten RICO unlawful debt collection,

18 USC 1961(6)(B), and NYS Penal Law, section 190.40, criminal usury profits and proceeds derived from

## Tech-focused SPAC Trailblazer Merger I prices $60 million IPO

March 28, 2023



Trailblazer Merger I, a blank check company focusing on the US technology industry, raised $60 million by offering 6.0 million units at $10. Each unit consists of one share of common stock and one right to receive one-tenth of a share upon completion of an initial business combination.

The company is led by CEO and Director Arie Rabinowitz, the co-founder and CEO of family office LH Financial Services, and Chairman Joseph Hammer, the CIO of LH Financial Services. They are joined by CFO Scott Burell, who serves as CFO of AIVITA Biomedical.

Trailblazer Merger I plans to target US companies operating in the tech industry, focusing on segments such as cloud-as-a-service, supply chain technologies, hybrid workforce services, and e-sports.

Trailblazer Merger I plans to list on the Nasdaq under the symbol TBMCU. LifeSci Capital and Ladenburg Thalmann acted as joint bookrunners on the deal.

Relevant Profile: TBMC

 

GPMT and the "good few hundred" companies extorted and scammed by Rabinowitz and the RICO CCE's

participants.

Thursday, October 12, 2023
(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion
and requested reliefs.

Conclusion.

For the foregoing reasons, analysis, facts, and the applicable law Appellant is entitled to relief, which Appellee has no opposition and has indicated no opposition by implied consent for the entry of the Proposed Order attached hereto in Section 2, infra, ordering Appellee to produce a certified certificate of Section 16(b) profits, NYS Penal Law, section 190.40, and 18 USC 1961(6)(B) RICO unlawful debt collection profits, proceeds, and revenues associated with GX 1-4, and GX 5, realized by the Plaintiffs' illegal insider-trading in the equity securities of the issuer, GPMT.

(ii)     Appellant moves the Court for the immediate production and disclosure of a certified chain of custody, ("Chain of Custody"), by Appellee of all judicial court records, (the "Court Records"), involved in the 04cr1224 and 05cr1115 district court (SDNY) proceedings, (the "Criminal Proceedings").

Appellant moves the Court for Rule 27-1 relief—

I.     for Appellee's immediate disclosure and production of all judicial Court Records associated with the sub judice Criminal Proceedings in the district courts (SDNY); and

II.     for Appellee to produce a ***certified Chain of Custody*** of each judicial court record associated with the sub judice Criminal Proceeding.

Specifically, Appellant moves the Court to immediately enter the Parties' Joint Stipulated Proposed Order and order Appellee, et al. to make the immediate production and disclosure of the following judicial Court Records—judicial records subject to 18 USC 2071,[28] in the possession

---

[28] **(a)** Whoever willfully and unlawfully conceals, removes, mutilates, obliterates, or destroys, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer of any court of the United States, or

of the district courts, and Appellee, its agents, proxies, surrogates and alter-egos, jointly, ("**Appellee**"), and (2) the necessary current Chain of Custody of each Court Record to wit:

1. All judicial records associated, or Jencks Act statement(s), 18 USC 3500, or Brady favorable statement(s) made or given to the Government by any person who refused to testify for the government in the Criminal Proceedings related to all government trial witnesses and grand jury witnesses who testified in the Criminal Proceedings,[29] including, but not limited to (A) all persons who were asked to testify, but refused, (B) person who were asked to testify in the Criminal Proceedings but were not called to testify by the Government, or

---

in any public office, or with any judicial or public officer of the United States, shall be fined under this title or imprisoned not more than three years, or both.

**(b)** Whoever, *having the custody of any such record*, proceeding, map, book, document, paper, or other thing, willfully and unlawfully *conceals*, removes, mutilates, obliterates, *falsifies*, or destroys the same, shall be fined under this title or imprisoned not more than three years, or both; *and shall forfeit his office and be disqualified from holding any office under the United States*. As used in this subsection, the term "office" does not include the office held by any person as a retired officer of the Armed Forces of the United States.

[29] All records in whatever format of all Rule 11 plea contracts, transcripts, dockets recording judicial records, all ex parte applications, rulings, transcripts,, submissions, briefs, exhibits, appendices, materials, and in camera reviews, allocutions, Jencks Act statements, Brady materials, USSG 5k1.1 contracts, agreements, all pecuniary, penal, personal, business, or otherwise benefits received, offered, asked for, provided to, or made available to any government trial or grand jury witness including Jeremy Jones, Myron Williams, Carlton Epps, Charles H. Jackson, Elrico Sadler, Kenneth A. Zitter, Arie Rabinowitz, Kelley Qwinn, Leonard Churn, Bridgett Hallman, Vanessa G. Beckett, Barry C. Corker, Andre Johnson, Jeffrey B. Norris, or any other person who provided any statement, testified for, refuse to testify for, and/or in any way assisted, aided, abetted, helped, facilitated, or generally provided assistance to the government regarding the Criminal Proceedings, including attorney fee payments, payment of airfares, spending money, travel expenses, offers to pay travel expenses or provide other services or assistance by the government on behalf of the person providing any assistance to the government.

(C) all persons who were contacted by the government regarding testifying in the Criminal Proceedings and gave the government a statement favorable to Appellant.[30]

Title 18, section 2071 (a), (b) applies currently to Damian Williams, Merrick B. Garland (28 USC 519), Edgardo Ramos, Wendy L. Hagenau, Daniel Gitner, Margaret M. Garnett, Laura Taylor-Swain, and other _officers of the United States_ who have removed, concealed, stolen, suppressed, and falsified (Ruby Krajick, M. Regina Thomas regarding court dockets in 04cr1224, 05cr1115, and 03-93031 (BC NDGA)) judicial court records, and willfully and unlawfully concealed, removed, mutilated, obliterated, or destroyed, or attempts to do so, or, with intent to do so takes and carries away any record, proceeding, map, book, paper, document, or other thing named in n. 6 and n. 7, supra, is guilty of the Section 2071 offense; or aided and abetted, Section 2, or conspired to defraud the United States, Section 371, to violate Section 2071 as the criminal means and methods to disrupt, delay, obstruct, and hinder the orderly and due administration of justice in the federal and state courts and agencies with respect to the Criminal Proceedings.

With respect to all judicial records associated with government "principal witness" in 05cr1115 a person alleged to be "Jeremy Jones" Appellee was required by law to maintain and file with the district clerk (SDNY) all Judicial Records associated with Jones' alleged Sept. 2006 purported Rule 11 proceedings, to wit:

---

[30] All statements given or provided to the government by the SEC's lawyers involved in the Las Vegas 03-0831 (D. NV) Bootleg Grand Jury proceedings regarding the judicial admissions and stipulations "the prices of INZS and SVSY's stocks were not artificially" "inflated" "increased" "pumped up" or materially affected by any "press releases" of "disclosures;" and all statements "there was no conspiracy" between Ulysses T. Ware, Esq. and the 05cr1115 government's trial witnesses in particular "Jeremy Jones" or the employees of Ulysses T. Ware, Esq.

1. Certified copies of all Rule 11 perjury or plea contracts entered by any witness in the Criminal Proceedings;

2. A certified copy of all FINRA, SEC 15 USC 78o(a)(1), and NYS broker-dealer registration filings by each 02cv2219 (SDNY) plaintiff;

3. A certified copy of all SEC comment letters regarding the Form SB-2 registration statement submitted to the SEC by Baker & McKenzie, LLP (Lawrence B. Mandala, Esq.) attempting to (risibly) register the Criminal Usury Illegal Debt Contracts' conversion securities, GX 1-4, and see GX 5, ¶10.1(iv)—a RICO 18 USC 1961(6)(B) unlawful debt collection illegal contract;

4. Copies of all government witness allocution (Jencks Act statements) transcripts and factual admissions;

5. copies of all transcripts of the alleged Rule 11 proceedings;

6. copies of all written factual findings made by any court regarding the government's trial theories or elements of proof in the Criminal Proceedings;

7. copies of all alleged sentencing proceedings of Jeremy Jones—ex parte proceedings, in camera reviews, sealing motions, sealing orders, docket entries, government submissions, defendant's Jeremy Jones' submissions, USSG 5k1.1 "very substantial assistance" letters, and all communications to the district court; and all rulings, orders, and transcripts of all proceedings ex parte proceedings regarding any item herein;

8. copies of all statements and transcripts of all statements made by Jones or Jones' CJA lawyer, Marlon G. Kirton, at any alleged Rule 11 proceedings, sentencing proceeding, or

Thursday, October 12, 2023
(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

any other hearing ex parte, or in camera submission by Kirton to any district court, or made to the U.S. Probation Office;

9. certified copies of all USSG 5k1.1 perjury contracts, agreements, or memoranda associated with any government or grand jury witness regarding the Criminal Proceedings;

10. copies of all records of immunization by the government or district courts or any potential witness in the Criminal Proceedings;

11. copies of all briefs and orders on all requests requesting off the records, ex parte proceedings be conducted in the Criminal Proceedings;

12. copies of all government and defendant's requests to seal the Criminal Proceedings;

13. transcripts on all sealing proceedings in the Criminal Proceedings;

14. copies of all orders sealing the Criminal Proceedings, ex parte requests;

15. copies of all requests for in-camera reviews, orders on in-camera reviews;

16. copy of the district court (Pauley, J.) statement of reasons for Jones' sentence;

17. copies of all ex parte dismissal of the 05cr1115 indictment with respect to Jones; all non-prosecutorial decisions regarding Jones or the government's Criminal Proceedings' trial witnesses in the Criminal Proceedings;

18. copies of all ex parte requests submitted to the district courts (including the 03-0831 D. NV and 03-93031 (BC NDGA)) and ***courts of appeals*** regarding the Criminal Proceedings;

19. copies of all non-prosecute agreements and contracts regarding Arie Rabinowitz, LH Financial Services, Alpha Capital, AG, Kenneth A. Zitter, Esq., Edward M. Grushko, Barbara R. Mittman, Jeffrey B. Norris;

Thursday, October 12, 2023
(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

20. copies of all correspondence provided to Norris and/or the SEC regarding Norris's Nov. 2007 FRE 404(b) testimony in the 04cr1224 trial on behalf of the government;

21. copies of all communications between the USAO and the SEC for the USAO to gain access to the Las Vegas 03-0831 (D. NV) illegal and unconstitutional materials obtained by the violation of the Federal Rules of Criminal Procedures and the Due Process Clause of the Constitution;

22. copies of all communications between the SEC, the USAO, and District Judge (D. NV), Edgardo Ramos, Laura Taylor-Swain, Colleen McMahon, Wendy L. Hagenau, Thomas W. Thrash, Jr., William H. Pauley, III, Leonard B. Sand, and Robert W. Sweet, (the "Federal Judges"), regarding any aspect of the Criminal Proceedings; and

23. copies of all Judicial Court Records contained in the "over 15 boxes of materials" the DOJ's EOUSA conceded its March 23, 2023, In re Ware, 000907 FOIA response are in the possession of the USAO, but have not been properly searched or inventoried.

Conclusion.

For the foregoing reasons, facts, and circumstances Appellant, a defendant in the Criminal Proceedings is entitled by law to access to all judicial Court Records in the possession of the Appellee and the courts, and emergency reliefs should be granted based on the Appellee's no opposition to the requested reliefs and in the interest of justice.

(iii)    Appellant moves the Court for an order directing District Judge Colleen McMahon (02cv2219) and Appellee to disclose and produce copies of Judge McMahon's and her spouse, Frank V. Sica's, personal investments in convertible promissory notes, ("CPNs"), disclosed in Judge McMahon's judicial financial records.

District Judge Colleen McMahon, then Chief Judge (SDNY), assumed and took control of 02cv2219 (SDNY) after Judge Leonard B. Sand's 2016 death. According to Judge McMahon's personal financial disclosures on file with the Administrative Office of the U.S. Courts ("**AOC**"), in 2016, and continuing to the present, 2023, Judge McMahon and her _alleged_ spouse, Frank V. Sica,[31] **_personally_** owed more than +$22 million in CPN investments—the same character and type of subject matter at issue in the 02cv2219 litigation, cf., GX 1-4 and GX 5.

Judge McMahon was required by federal law, 28 USC 455(a) and 455(b)(1-5), to have formally notified the parties of her significant **_personal investments_** in the CPNs, disclosed her actual, _personal pecuniary and penal conflict of interest_ in the 02cv2219 proceedings, recused herself and returned the matter to the district clerk for random assignment. Rather than complying with federal law and the Code of Conduct for Federal Judges, Judge McMahon had other ideas—she deviously conspired with the USAO, Chief Bankruptcy Judge (NDGA) Wendy L. Hagenau, and the 02cv2219 Plaintiffs and covered up, hid, concealed, and suppressed her actual, _personal pecuniary and penal conflict of interest_, and instead, Judge McMahon proceeded to obstruct justice, and violated Appellant's legal rights by the entry of a series of nonsensical, bogus,

---

[31] Sica is reported to be employed with Tailwind Capital Management LLP as a purported "private equity executive" and Tailwind is which is rumored and alleged to be " … nothing more than a **_private equity bank fraud and Ponzi scam conspiracy_** … used to launder Colleen's and Frank's money …." (emphasis added).

fraudulent, frivolous, and ultra vires[32] orders in 02cv2219.[33] Ultra vires orders which have no

preclusive effect, are moot, and void ab initio. See **L-3 Comm'cs**, Id. at 18-19, citing **A.B. Dick Co. v.**

**Marr,** 197 F.2d 498, 502 (2d Cir. 1952) ("voluntary dismissal of [the 02cv2219] suit leaves the situation so

far as procedures therein are concerned the same as though the suit had never been brought"). (emphasis

added).

Regrettably, this is where the 02cv2219 matter now stands—Judge McMahon threatened

Appellant, a ***prevailing party*** to the Dec. 2007 Rule 41(a)(2) Final Judgment, see Dkt. 151, that Appellant

was not to file any other pleading or paper in the 02cv2219 litigation, else she (Judge McMahon) in

furtherance of the Hobbs Act, 18 USC 1951, loan sharking and money laundering conspiracy she would

corruptly use her judicial influence to protect her and her spouse's significant (+$22 million) ***personal CPN***

***investment***, and ***she would initiate contempt proceedings against Appellant***—a Hobbs Act crime of

violence, 18 USC 2, 241, 242, 371, 401(2), 401(3), 1519, 1951, and RICO unlawful debt collection activity,

18 USC 1961(6)(B).

Conclusion.

---

[32] Judge McMahon was aware, or should have been aware—ignorance of the law is no excuse, in 2016 the 02cv2219 (SDNY) proceedings had been ***dismissed with prejudice*** by Judge Sand on covert ex parte, secret Fed. R. Civ. P. 41(a)(1) ***voluntary motion*** by the Plaintiffs on December 20, 2007, Dkt. 90—that is, Judge McMahon knew, and/or recklessly failed to learn the law that all prior orders, judgments, and proceedings in 02cv2219 had been annulled, vitiated, and voided as a matter of "hornbook law" see **U.S. v. L-3 Comm'cs EO Tech, Inc**., 921 F.3d 11, 18-19 (2d Cir. 2019) (Kearse, J.) (collecting cases).

[33] See 02cv2219 (SDNY) Dkt. 120, 137, 141, and 151, (the "**Fraudulent Orders**"), were deliberately and in bad faith entered by Judge McMahon (1) to conceal and protect her +$22 million personal CPN investments, and (2) entered to prevent, delay, and deny Appellant his legal right as a ***prevailing party*** to enforce the Dec. 20, 2007, Rule 41(a)(2) superseding final judgment. In either case, Judge McMahon's criminal judicial misconduct is required to be referred to the FBI, the AOC, the DOJ's Public Integrity Section, for criminal investigation, and referred to Circuit's chief judge to *sua sponte* initiate a judicial misconduct proceeding against Judge McMahon.

Appellant, a prevailing party to the Dec. 2007, Dkt. 90, Rule 41(a)(2) superseding final judgment is entitled to the requested relief—which is unopposed and consented to by Appellee. Judge McMahon is strictly prohibited from being a judge in her own case (02cv2219), and entering ultra vires, bogus, fraudulent, and moot rulings to assist *her and her spouse's personal penal and pecuniary interests*.

Respectfully submitted by:

Ulysses T. Ware, Appellant

/s/ Ulysses T. Ware

Thursday, October 12, 2023
(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

## II    Appellee's implied consent to the requested emergency relief.

Mr. Garland, Mr. Williams, and Mr. Shin Appellant has requested that you and the DOJ respond to this demand at utware007@gmail.com not later than ***Wednesday, October 11, 2023, at 5:00 PM, time of the essence***, indicating whether or not the DOJ will consent to or oppose the requested relief without the need for judicial intervention. If no written response in opposition to the requested relief is received by Appellant on **October 11, 2023, by 5:00 PM**, Appellant will notify the Court of Appeals the DOJ and Merrick B. Garland on October 11, 2023, were presented with Notice of the Murder for Hire, Actual Innocent Emergency Rule 27-1 motion and requested relief, and ***have consented to and have no opposition*** to the requested relief; accordingly, Appellant will submit a joint, stipulated order of the parties to the Court for entry granting the requested relief. See Section IV, infra.

## III    Conclusion.

Mr. Garland, as the U.S. Attorney General, an officer of the court, subject to the DOJ's and the Courts' Rules of Ethics and Professional Conduct Rules 3.3, 3.4, 8.4, and *duty of complete candor to the tribunal*, it is implied and goes without saying that the Attorney General is ethically *required to inform all tribunals* with respect to any *DOJ prosecutorial misconduct* which occurred during the litigation of the Criminal Proceedings—that is, the frauds, frauds on the courts, perjury, lying, fabrication of evidence, and the aiding and abetting of **LH Financial Services and Ari Rabinowitz** to conduct RICO Hobbs Act 18 USC 1961(6)(B) GX 1-4, GX 5 Sept. 1, 2004, Atlanta, GA loan sharking, money laundering, kidnapping, extortion, and armed robbery crimes against

Ulysses T. Ware, Esq.; conspiracy crimes, and obstruction of justice committed by DOJ prosecutors Alexander H. Southwell, Maria E. Douvas, Nicholas S. Goldin, Steven D. Feldman, Andrew L. Fish, Sarah E. Paul, Katherine Polk-Failla, Damian Williams, Daniel Gitner, Margaret M. Garnett, Jun Xiang, Won Shin, Melissa Childs, Audrey Strauss, Geoffrey Berman, David N. Kelley, Michael J. Garcia, Joon Kim, John M. McEnany, Preet Bharara, FBI special agent David Makol, FBI analyst Maria A. Font, the U.S. Marshals, and their agents, proxies, surrogates, and alter-egos, jointly, (the "**DOJ Prosecutors**").

Mr. Garland, your sworn oath of office requires you as the Attorney General to officially notify the tribunals, **which you have not done**, regarding the EOUSA's March 20, 2003, admission and stipulation the USAO (SDNY) violated and resisted the Brady Court Orders, and moreover, _the USAO and the DOJ are currently in civil and criminal contempt of the Brady Court Orders entered in the sub judice Criminal Proceedings_. **The fact that you _have not_ satisfied your ethical duty as a DOJ prosecutor and officer of the court and notified the tribunals of these crimes, 18 USC 401(2), 401(3), _leads one to reasonably infer and believe that Merrick B. Garland is complicit in the crimes of the DOJ Prosecutors—the continued aiding, abetting, assisting, and facilitation of the violation, resistance, and disobedience of the Brady Court Orders, the Rule 41(a)(2) Final Judgment, and the Gov-I Final Judgment._**

Sincerely,

/s/ Ulysses T. Ware (Appellant).

Thursday, October 12, 2023
(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

IV      October 11, 2023--The Parties' Joint Stipulated Proposed Order for Relief.

# No. 23-865/23-869

**United States Court of Appeals
For the Second Circuit**

———————————————————X

*Ulysses T. Ware,*
        *Appellant-Petitioner,*

*v.*                                                                  *Case No. 23-865/23-869*


*The United States., et al.,*
        *Respondents.*

———————————————————X

——————————————

**Proposed Joint Stipulated Rule 27-1 Emergency  Murder for Hire Order for Relief.**


**WHEREAS**,  on Thursday, October 12, 2023, Appellant, presented to the Court

**Appellant's Emergency Murder for Hire  Rule 27-1 Motion, Certificate of No Opposition to the**

**entry of Proposed Order, and the Parties' Joint  Stipulated Proposed Order.**

**WHEREAS**, Appellant has submitted to the Court a Certificate of No Opposition by

Appellee to the requested reliefs.

**WHEREAS,** Appellant presented to the Court a legally and factually sufficient Rule 27-1

motion supported by undisputed clear and convincing evidence, which set out sufficient factual

and legal details and foundational factual predicates that this Court finds legally and factually

sufficient to enter the requested reliefs.

Thursday, October 12, 2023
(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

**WHEREFORE, IT IS SO ORDERED** this Court **GRANTS** the requested reliefs, and **ORDERS** the following relief be **ENTERED AND GRANTED**, to wit**:**

1. **IT IS ORDERED THAT** (I) Appellee, the United States, by and through the U.S. Dept of Justice, (the "**DOJ**"), (A) shall file under oath, as an officer of the court, into this Court and each respective district court sub judice, 04cr1224, 05cr1115, and 02cv2219, (the "**District Courts**"), and serve the same on Appellant not later than **Monday, October 16, 2023, by 10:00 AM, time of the essence**, a certified 15 USC 78p(b) financial audit and accounting, (the "**Accounting**"), (B) for each plaintiff in ***Alpha Capital, AG, et al. v. Group Management Corp., et al.***, 02cv2219 SDNY) lawsuit, including for Konrad Ackerman,  Ari Rabinowitz, LH Financial Services, and Union Atlantic Capital, LLP, jointly (the "**Group**"), (C) the Accounting is to in chronological order, beginning from January 1, 2001, and ending on December 31, 2010, (D) list and details every trade executed or made in Group Management Corp.'s equity securities by the Group, (E) list the number of shares bought and sold, or sold and repurchased in GPMT's equity securities by each member of the Group, (F) list the profits and proceeds realized by the Group from each trade listed in part E, (G) list the brokerage, and the brokage account identifying name and account number used to execute each trade listed in Part E, (H) list the name of the bank and the bank account number for each account used by the Group to receive or transfer the profits or proceeds listed in Part F; and (II) Appellee is to file into this Court and the respective District Courts and serve a copy of the same on Appellant copies of the SEC,

FINRA, and NYS Dept of Finance broker-dealer registration records for each 02cv2219 (SDNY) plaintiff and for each member of the Group.

2. **IT IS SO ORDERED THAT** the Appellee shall not later than **Monday, October 16, 2023, by 10:00 AM, time of the essence**, file into this Court and the respective District Courts and serve a copy of the same on Appellant a certified, under oath, chain of custody, (the "**Chain of Custody**") for each judicial record associated with the Criminal Proceedings.

*3.* **IT IS SO ORDERED THAT** the Appellee shall not later than **Monday, October 16 2023, by 10:00 AM, time of the essence**, file into this Court and the respective District Courts and serve a copy of the same on Appellant certified copies of District Judge Colleen McMahon's Administrative Office of the U.S. Court's personal financial records disclosing each convertible promissory note (CPN) investment made, underwritten, funded, and collected by Judge McMahon and/or her spouse, Frank V. Sica; and (B) *file into this Court and the respective District Courts copies of all SEC, FINRA, and NYS Dept of Finance broker-dealer registration records for Judge McMahon and Frank V. Sica.*

*4.* **IT IS SO ORDERED THAT the Appellee, the United States, the plaintiff, sub judice, shall** not later than **Friday, October 20, 2023, by 10:00 AM, time of the essence, (i)** show cause in the District Court (SDNY), before a new assigned District Judge,[34] in writing and in person why the *U.S. v. Ware*, 04cr1224 (SDNY) and *U.S. v. Ware*, 05cr1115 (SDNY)

---

[34] District Judges Edgardo Ramos, Katherine Polk-Failla, Laura Taylor-Swain, and Colleen McMahon are judicially disqualified pursuant to 28 USC 455(a), and 455(b)(1-5), because all have an actual, unwaivable conflict of significant personal pecuniary and penal interest in the outcome of the proceedings, and Appellant has indicated that each will be subpoenaed and compelled to provide records and testimony as an adverse, hostile, material fact witness.

indictments, orders, judgments, and proceedings shall not be reversed, annulled, vitiated, set aside, vacated, and dismissed with prejudice, nunc pro tunc, and judgment entered on behalf of Ulysses T. Ware as the prevailing party, (ii) why the Appellee shall not be sanctioned in compensatory damages in the sum certain amount of $2.225 billion, jointly and severally, ***in their personal and individual capacities***, (iii) why the Appellees shall be not be adjudged and adjudicated in civil contempt of the Brady Court Orders, and other final orders and judgments; and (iv) why each Appellee shall not be adjudged, in criminal contempt of the Brady Court Orders and other final orders and judgments, and indicted and prosecuted pursuant to Fed. R. Crim. P. 42 and 18 USC 401(2), 401(3) for criminal contempt of the Brady Court Orders and other final orders and judgments.

5.  **IT IS SO ORDERED THAT the Appellee, the United States, the plaintiff, sub judice, shall** not later than **Friday, October 20, 2023, by 10:00 AM, time of the essence,** that the United States shall file into the respective sub judice district courts (SDNY) sworn declarations from each of its of its trial witnesses, prospective trial witnesses, or grand jury witnesses, (the "**Witness**"), that attest and certify that (i) no perjury, false, misleading, or otherwise deceptive evidence (see false, fabricated, misleading, and bogus trial exhibits GX 92, GX 93, 05cr1115 (SDNY), introduced as a fraud on the court and the jury through FBI analyst Maria A. Font, via AUSA Alexander H. Southwell), statements, testimony, inferences, or other untrue factual predicates were introduced into the respective proceedings by the government's witness; (ii) attest and certify that the United States did not provide, suggest, or in any way suggest facts, testimony, inferences, or

other factual predicates to the respective Witness that were in any way whatsoever, false, misleading, untrue, or otherwise, not credible; (iii) certify and attest that the United States did not threaten, intimidate, coerce, pressure, strong-arm, or force, or in any way whatsoever suggest any pecuniary or penal harm, danger, or risk to the Witness if the Witness did not testify for the United States, or did not testify in the way and manner the United States suggested the Witness to testify, or if the Witness provided any exculpatory or impeachment testimony or assistance to Appellant in the Criminal Proceedings, or communicated with Appellant regarding the Criminal Proceedings, or that the Witness had been contacted and interviewed by the United States.


**SO ORDERED** this _____ day of October 2023 in New York, NY.


_____
Circuit Judge


**End of Order**

# V    October 11, 2023, 2023--Ulysses T. Ware's Declaration of No Opposition.

I Ulysses T. Ware, hereby this 11th day of October , 2023, in Brooklyn, NY being of the age of majority, under oath, subject to the penalty of perjury, having personal knowledge of the facts, pursuant to 28 USC 1746, set my hand and seal and set forth the facts below in this Declaration.

## Fact 1.

I, Ulysses T. Ware, the appellant, (the "**Appellant**"), in ***Ware v. United States, et al.,*** 23-865 and 23-869 (2d Cir.)., (the "**Appeals**"), on appeal from ***United States v. Ware***, 04cr1224 (SDNY), ("**1224**"), and ***United States v. Ware***, 05cr1115 (SDNY), ("**1115**"), (the "**Criminal Proceedings**"), to the extent the district courts (Ramos, J.) possessed subject matter jurisdiction over an ***unexpired***, ***extant*** federal sentence on December 12, 2022, which the district courts did not. Therefore, the district courts' (Ramos, J.) deliberately mischaracterized 2255 motions (22cv3409 and 22cv10566) are moot, and accordingly, the Appeals are *ipso facto* moot for the purpose of 28 USC 2255 and 28 USC 2253 application for a ***moot*** certificate of appealability.

## Fact 2.

I hereby incorporate by reference and make the same a part hereof Appendices 53, 54, and 55,  infra—Appellant's good faith attempts to resolve all matters with USAG Merrick B. Garland, U.S. Attorney (SDNY) Damian Williams, and the Appellee's chief of appeals AUSA Won Shin (SDNY), to which no written response was received by the requested time of October 11 2023. Accordingly, the United States is deemed to have waived, forfeited, and abandoned its

interests in the Appeals and the Criminal Proceedings by acquiescence and implied consent with respect to this Rule 27-1 motion for requested reliefs.

Fact 3.

Merrick B. Garland, Damian Williams, AUSA Won Shin, and their client, the United States, and its agents, proxies, surrogates, and alter-egos, currently are in civil and 18 USC 401(2), 401(3), criminal contempt of the Brady court orders entered in the sub judice Criminal Proceedings, to wit: (1) Dkt. 32, August 10, 2007, Sweet, J. (deceased), 04cr1224; and (2) Dkt. 17, May 19, 2006, Pauley, J. (deceased), 05cr1115, (the "**Brady Court Orders**").

Fact 4.

Merrick B. Garland, Damian Williams, and Won Shin, officers of the court, and DOJ prosecutors are subject to the Court's and the DOJ's Rules of Ethics and Professional Conduct, Rules 3.3, 3.4, 8.4, and duty of complete candor to the tribunals, (the "**Rules of Ethics**").

Fact 5.

Merrick B. Garland, Damian Williams, and AUSA Won Shin have knowingly, deliberately, intentionally, and in bad faith violated and breached the Rules of Ethics by refusing to fully comply with the Brady Court Orders, civil and criminal contempt, and search for, disclose, and produce all judicial records related to or associated with the alleged September 2006, ***alleged*** Rule 11

proceedings of a person the United States claims **_without any record proof_** is a person **_claimed to be_** "Jeremy Jones."[35]

Fact 6.

Merrick B. Garland, Damian Williams, and AUSA Shin have refused to fully and comprehensively notify all affected tribunals of the facts surrounding the **_undisclosed and unproduced_** Brady evidence related to the alleged September 2006 alleged Rule 11 proceedings including but not limited to disclosure and production of (1) all Rule 11 plea (perjury) contracts, (2) all USSG 5k1.1 substantial assistance (perjury) contracts, (3) all transcripts, notes, files, document, pleadings, orders, and other papers of all off the record ex parte proceedings in the Criminal Proceedings; and (4) all debriefing notes, records, paper, transcripts, statements, admission, perjury, lies, misrepresentations, false statements, and instructions to all government witnesses in the Criminal Proceedings.

---

[35] There is no definitive record proof, nor has the USAO provided any proof that a Rule 11 proceeding took place in September 2006 where a person **_who is claimed_** to be "Jeremy Jones" **_actually_** entered into a Rule 11 plea (perjury) contract and **_actually_** pleaded guilty to facts that he was **_actually and knowingly_** involved in a conspiracy with Ulysses T. Ware, Esq. to "artificially inflate" the "prices" of INZS and SVSY's stocks via the _managements'_ of INZS and SVSY's press releases. **No proof whatsoever has ever been produced by the United States in any judicial proceedings, ever**. Thus, the $2.225 billion dollar question is: Exactly what did the person who claimed to be "Jeremy Jones" actually plead guilty to?

At trial in 05cr1115 the trial records shows that Jeremy Jones, or whomever, **_did not_** actually plead guilty to a conspiracy that he knowingly and willfully conspired to "artificially" "inflate" the "prices" of INZS and SVSY's stocks via the managements' press releases—that is, the trial records shows the government **_did not_** produce or admit into evidence any **_expert testimony_** the stock "prices" for INZS and SVSY's securities **_had been_** "artificially" "increased" "pumped up" or showed any "increase" whatsoever from any source. **_The government's entire 05cr1115 and 04cr1224 bogus and fraudulent trial theories and bogus narratives were knowingly false, fabricated, malicious, and a_** Jim Crow racially-motivated lie, perjury, **_and a fraud on the court._**

Fact 7.

Merrick B. Garland, Damian Williams, and AUSA Won Shin **_have not_** denied that on March

20, 2023, the EOUSA in _In re Ware_, 000907, FOIA response admitted, stipulated, and confessed

that the United States Attorney's Office (SDNY), (the "**USAO**"), **_and he, implicitly, then had in their_**

possession "over 15 boxes of materials" which **_had not_** been properly searched and inventoried

that "could contain" Brady evidence material to the Criminal Proceedings, see Ex. 3, infra.

Fact 8.

AUSA Won Shin, an officer of the court and subject to the Rules of Ethics has knowingly,

deliberately, intentionally, in bad faith, and egregiously colluded, conspired, and acted in concert

with Damian Williams, Daniel Gitner, Margaret M. Garnett, Jun Xiang, Merrick B. Garland, Lisa

Monaco, Kenneth Polite, (see Ex. F, infra), and others, and has violated the Courts' and the DOJ's

ethical standards by not exercising his _duty of complete candor_ to the District Courts, the Court

of Appeals, **_and all other tribunals_** that are affected in any manner by the revelations of the DOJ's

EOUSA regarding the USAO's civil and criminal contempts of the Brady Court Orders.

Fact 9.

The DOJ's Criminal Division's leader, Kenneth Polite, Jr., the United States Attorney (SDNY),

Damian Williams, the Deputy Attorney General, Lisa Monaco, and the United States Attorney

General, Merrick B. Garland, knowingly, deliberately, intentionally, in bad faith, and a reckless

disregard for the law, violated the Brady Court Orders, violated the Courts' and the DOJ's Rules of

Ethics, and is civil and criminal contempt of the Brady Court Orders. See Ex. F, infra.

Page **48** of **72**
Thursday, October 12, 2023
(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion
and requested reliefs.

Fact 10.

The 1224 and 1115 records show that as of today October 11, 2023, in any judicial proceedings, the Merrick B. Garland, Damian Williams, the Government's prosecutors, or AUSA Won Shin **have never** produced a certified copy of the trial records (A) where Jeremy Jones allegedly in September 2006 entered into a Rule 11 plea contract, (B) entered into a USSG 5k1.1 substantial assistance (perjury) contracts,  (C) admitted into evidence in any judicial proceeding the trial testimony of any government _expert witness_ that testified at trial or produced a discoverable Rule 16 written report that the stock "prices" for INZS and SVSY had been "artificially" "inflated" "pumped up" "increased" or in any way affected ***by any external source other than market forces***, and (D) the government has never since 2006 in any judicial proceeding produced a certified copy of the alleged September 2006 Rule 11 proceeding of the person who is claimed to be "Jeremy Jones."[36]

Signed this 11th day of October 2023, under oath, subject to the penalty of perjury, and pursuant to 28 USC 1746 in Brooklyn, NY.

/s/ Ulysses T. Ware

October 11, 2023.

End of declaration

---

[36] On June 5, 2023, the District Court (SDNY) records department supervisor David Ng, and assistant supervisor Ms. Saraya, both stated to Ulysses T. Ware " … ***there are no records in this office of any September 2006 Rule 11 plea agreement, cooperation agreement, or anything having to do with September 2006*** … there are no records here … _if we had then I would give them to you_ … **we don't have them** … _you will have to look someplace else they are not here_ …." (emphasis added). Which begs the questions: Where are the judicial court records? And where is the chain of custody for the Rule 11 plea and USSG 5k1.1 alleged contracts? Someone in the DOJ, the courts, and the USAO knows where the court records are. A deliberate violation of 18 USC 2, 241, 242, 371, 1519, and **_2071_**.

Exhibit 1—23-865 Docket as of August, 2023, at 7:11 AM.



If you view the Full Docket you will be charged for 2 Pages $0.20

**General Docket**
**Court of Appeals, 2nd Circuit**

| Court of Appeals Docket #: 23-865 | | Docketed: 06/02/2023 |
|---|---|---|
| Ware v. United States of America | | |
| **Appeal From:** SDNY (NEW YORK CITY) | | |
| **Fee Status:** Paid | | |

**Case Type Information:**
  1) Misc. Prisoner
  2) Other
  3) none

**Originating Court Information:**
  **District:** 0208-1 : 22-cv-10566
  **Trial Judge:** Edgardo Ramos, U.S. District Judge
  **Date Filed:** 06/01/2023

| **Date Order/Judgment:** | **Date NOA Filed:** | **Date Rec'd COA:** |
|---|---|---|
| 04/03/2023 | 06/01/2023 | 06/02/2023 |

| | | |
|---|---|---|
| 07/20/2023 | 37 | PAPERS, motion for leave to file motion to file a moot 2253 application for certificate of appealability, to recall mandate in 09-0851, RECEIVED.[3544649] [23-865] [Entered: 07/20/2023 03:03 PM] |
| 07/20/2023 | 40 | CURED DEFECTIVE MOTION, for leave to appeal, [30], [38], on behalf of Petitioner Ulysses Thomas Ware, FILED. [3544661] [23-865] [Entered: 07/20/2023 03:09 PM] |
| 07/20/2023 | 44 | SUPPLEMENTARY PAPERS TO MOTION [38], on behalf of Petitioner Ulysses Thomas Ware, FILED. Service date 07/17/2023 by US mail, email.[3544711][44] [23-865] [Entered: 07/20/2023 03:34 PM] |
| 07/20/2023 | 49 | PAPERS, certificate of service, RECEIVED.[3544806] [23-865] [Entered: 07/20/2023 04:29 PM] |
| 07/20/2023 | 50 | PAPERS, Peitioner's Brady Demand on Attorney General, RECEIVED.[3544946] [23-865] [Entered: 07/20/2023 09:00 PM] |
| 07/26/2023 | 53 | PAPERS, The Parties' Joint Stipulated Order of Dismissal with Prejudice and Other Reliefs, RECEIVED [3547422] [23-865] [Entered: 07/26/2023 03:57 PM] |
| 07/26/2023 | 54 | PAPERS, Notice of Emergency Motion to Show Cause, RECEIVED.[3547430] [23-865] [Entered: 07/26/2023 04:07 PM] |
| 07/26/2023 | 56 | PAPERS, Certificate of No Response, RECEIVED.[3547477] [23-865] [Entered: 07/26/2023 04:38 PM] |
| 07/26/2023 | 57 | PAPERS, Leave to file an emergency motion to show cause, RECEIVED.[3547487] [23-865] [Entered: 07/26/2023 04:42 PM] |
| 07/31/2023 | 58 | PAPERS, motion to show cause with exhibits, RECEIVED.[3549349] [23-865] [Entered: 07/31/2023 04:23 PM] |

| **PACER Service Center** | | | |
|---|---|---|---|
| | **Transaction Receipt** | | |
| | 08/10/2023 07:11:48 | | |
| **PACER Login:** | utw77601070 | **Client Code:** | |
| **Description:** | Case Summary | **Search Criteria:** | 23-865 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

Thursday, October 12, 2023
(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

Exhibit 2—23-869 Docket as of August 10, 2023, as of 7:11 AM.



| 07/18/2023 | 33 | PAPERS, declaration of no opposition, RECEIVED.[3544795] [23-869] [Entered: 07/20/2023 04:21 PM] |
| 07/20/2023 | 26 | SUPPLEMENTARY PAPERS TO MOTION [24], on behalf of Petitioner Ulysses Thomas Ware, FILED. Service date 06/28/2023 by email, US mail [3544681][26] [23-869] [Entered: 07/20/2023 03:20 PM] |
| 07/20/2023 | 34 | PAPERS, certificate of service, RECEIVED.[3544809] [23-869] [Entered: 07/20/2023 04:31 PM] |
| 07/20/2023 | 35 | PAPERS, Petitioner's Brady Demand on Attorney General, RECEIVED.[3544947] [23-869] [Entered: 07/20/2023 09:00 PM] |
| 07/26/2023 | 38 | PAPERS, The Parties' Joint Stipulated Order of Dismissal with Prejudice and Other Reliefs, RECEIVED.[3547445] [23-869] [Entered: 07/26/2023 04:18 PM] |
| 07/26/2023 | 39 | PAPERS, Notice of Emergency Motion to Show Cause, RECEIVED.[3547448] [23-869] [Entered: 07/26/2023 04:21 PM] |
| 07/26/2023 | 40 | PAPERS, Certificate of No Response, RECEIVED.[3547476] [23-869] [Entered: 07/26/2023 04:38 PM] |
| 07/26/2023 | 41 | PAPERS, Emergency motion to show cause, RECEIVED.[3547503] [23-869] [Entered: 07/26/2023 04:58 PM] |
| 07/31/2023 | 42 | PAPERS, motion to show cause, RECEIVED.[3549351] [23-869] [Entered: 07/31/2023 04:24 PM] |
| 07/31/2023 | 43 | CURED DEFECTIVE MOTION, for leave to appeal, on behalf of Petitioner Ulysses Thomas Ware [19], [24], on behalf of Petitioner Ulysses Thomas Ware, FILED.[3549353] [23-869] [Entered: 07/31/2023 04:25 PM] |

**PACER Service Center**

**Transaction Receipt**

08/10/2023 07:13:13

| PACER Login: | utw77601070 | Client Code: | |
| Description: | Case Summary | Search Criteria: | 23-869 |
| Billable Pages: | 1 | Cost: | 0.10 |

(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

Exhibit 3—FINRA's May 17, 2021, unregistered broker-dealer certification.

## CERTIFICATION OF NO FINRA BUSINESS RECORDS

I, Marcia E. Asquith, being first duly sworn, depose and state as follows:

1. I am the Executive Vice President, Board and External Relations. In that capacity, I oversee the functions of the Office of the Corporate Secretary at the Financial Industry Regulatory Authority, Inc. ("FINRA"). I am familiar with and am a custodian of FINRA business records, including interpretations, policies and rules adopted by the FINRA Board of Governors.

2. No documents related to the firms listed below were prepared, kept and maintained in the ordinary course of FINRA's business:

      a) Alpha Capital, AG
      b) Stonestreet, L.P.
      c) Markham Holdings, Ltd.
      d) Amro International, S.A.
      e) LH Financial Services

Marcia E. Asquith
Executive Vice President, Board and External
Relations and Corporate Secretary

Subscribed and sworn to before me this 17th day of May , 2021.

Notary Public, District of Columbia

My commission expires: 5/31/2021

(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

Exhibit 4—Concealed and suppressed actual innocent Brady exculpatory evidence which established the SEC's lawyers did not believe there was any conspiracy in which "Jeremy Jones" was involved in—*actual innocent Brady exculpatory and impeachment evidence in the possession of the USAO, the SEC, Damian Williams, and Merrick B. Garland.*

¶21

The USAO and the SEC bribed Judge Pauley for the entry of the Barasch Bribe Order to intentionally violate Mr. Ware's Fifth and Sixth Amendment rights to "present a complete defense" by offering at trial in 1115 the live testimony of the "SEC's Lawyers" (Barasch, Webster, Norris, Hannan, and Martin), and District Judge Dawson regarding the exculpatory and favorable evidence the SEC's Judicial Admissions (¶¶30, 31, and 33), (Ex. at 22-23) in the 0831 complaint (which pled the United States out of court in 0831 and conversely, pled the United States out of court in 1115 and 1224), Brady (exculpatory) evidence and Giglio (impeachment) evidence.

¶22

The Barasch Bribe Order (Ex. at 32-36) was entered by Judge Pauley while colluding and conspiring with the SEC, the USAO, and Judge Dawson, to suppress the exculpatory and favorable SEC Brady Email sent to alleged 1115 co-defendant Jeremy Jones (who allegedly pled guilty to the indictment pretrial, however there are no records of Jones' purported guilty plea in the court's files) by SEC lawyer Norris informing Jones as follows regarding any conspiracy regarding INZS:

> "Mr. Jones you were not added to the SEC's Las Vegas litigation because the SEC believed your sworn SEC deposition testimony that you and the employees (Epps, Williams, Sadler, and Jackson, the "Gov't Stooges") 'were not involved in any conspiracy with Mr. Ware [because there was no conspiracy], and would not have participated had you known.' (emphasis added).
> Mr. Jones keep your contact information current in the event the Commission needs to talk to you again. I am sure Mr. Ware will contact you seeking your assistance." (the "SEC Brady Email").

¶23

The SEC Brady Email, which was suppressed by the Barasch Bribe Order was material evidence -- which if disclosed to Mr. Ware before or during trial, the Gov't Stooges' known perjured testimony "they were part of a conspiracy" would have been directly impeached, their crdibility seriously and irreparably vitiated, i.e., the jury would have surely wanted to know why the SEC's Lawyer believed the Gov't Stooges and did not add them to the SEC's Las Vegas litigation' yet the USAO did not believe their sworn SEC deposition testimony -- the case would have been placed "in a different light."

Exhibit 5-- Concealed and suppressed actual innocent Brady exculpatory evidence.



Thursday, October 12, 2023
(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

(OCR)

Exhibit 6-- Concealed and suppressed actual innocent Brady exculpatory evidence—the unsigned Las Vegas commingled SEC-DOJ Bootleg Grand Jury manifestly fraudulent and frivolous complaint.



Thursday, October 12, 2023

(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

Exhibit 7—Suppressed and concealed Brady evidence regarding a person claimed to be "Jeremy Jones."



**DOJ's willfully suppressed and concealed USSG 5K cooperation agreement: impeachment evidence.**

Page **11** of 40
**Wednesday, November 10, 2021**
11.10.21 Ex. 52B-10.1 and 10.2 re Atlanta, GA law firm  Garland, Samuel & Loeb  Awards & Recognitions
_ Garland, Samuel & Loeb, P.C. _ Atlanta

Page **56** of **72**
Thursday, October 12, 2023
(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion
and requested reliefs.

Exhibit 7-1-- Concealed and suppressed actual innocent Brady exculpatory evidence regarding a person claimed to be "Jeremy Jones."



Exhibit 7-2-- Concealed and suppressed actual innocent Brady exculpatory evidence regarding a person claimed to be "Jeremy Jones." _2009_ Ruby Krajick's bogus, fraudulent, and criminally fabricated 05cr1115 (SDNY) docket contains no record of the fake and fabricated alleged Rule 11 _Sept 2006_ proceeding that involved Jeremy Jones.



Thursday, October 12, 2023
(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

Exhibit 8—Atlanta, GA Sept. 1, 2004, Hobbs Act, RICO 18 USC 1961(6)(B) U.S. Marshals' unlawful debt (GX 1-4, GX 5) collection crimes committed against Appellant, Ulysses T. Ware, Esq.—that is, Hobbs Act armed robbery, kidnapping, illegal search and seizure, arrest, and extortion to collect the GX 1-4, GX 5, criminal usury, unlawful debt.

| 75. | 9/1/04 Age: 44 | Contempt of Court | Atlanta, Georgia | 10/15/04: Dismissed pursuant to order of Judge Leonard B. Sand |
|---|---|---|---|---|



76. According to Sr. U.S. Probation Officer Atonya M. Craft of the Northern District of Georgia, on September 1, 2004, the defendant was arrested in the Northern District of Georgia in response to an order issued by the Honorable Leonard B. Sand, U.S. District Judge, Southern District of New York, in 02 CV 2219 (LBS). On December 22, 2003, Judge Sand ordered the defendants in this civil matter (which included the defendant) to deliver Silver Screen Studios, Inc. common stock to honor all of the conversion requests for Group Management Corp. or Silver Screen Studios, Inc. stock duly submitted by the plaintiffs. On June 21, 2004, Judge Sand issued a warrant for the defendant's arrest for contempt of court, for failure to obey the December 22, 2003, order. This arrest order indicated that the defendant was to be arrested by the U.S. Marshals Service and detained until the defendant purged himself of contempt by delivering the above-referenced

**Sept. 1, 2004 kidnapping**

WARE, ULYSSES THOMAS                                      P47014 - C. Tyler

15

common stock. On July 1, 2004, the defendant was arrested by the U.S. Marshals Service in the Northern District of Georgia. He appeared before the Honorable Thomas W. Thrash, Jr., in that district, refused to purge himself of contempt and offered no acceptable measure to prevent enforcement of the contempt order. On September 2, 2004, the Honorable Thomas W. Thrash, Jr., ordered the defendant to remain in the custody of the U.S. Marshals Service until he purged himself of contempt or was ordered released by either Judge Thrash or Judge Sand. The defendant's request for bond was granted, and he was released on September 3, 2004, after posting $150,000 in cash and a $100,000 bond, cosigned by two other individuals.

77. On September 28, 2004, the Honorable Leonard B. Sand vacated the June 21, 2004, order in part to the extent that it authorized the arrest of the defendant outside of the state of New York and more than 100 miles from the U.S. Courthouse located at 500 Pearl Street, New York, New York. The order remained in effect insofar as it could be served on the defendant in the state of New York or within 100 miles of the U.S. Courthouse located at 500 Pearl Street, New York, New York.

78. On October 7, 2004, the defendant moved to vacate and release the bail of $250,000 set on September 2, 2004. On October 15, 2004, the defendant's motion was granted by the Honorable Thomas W. Thrash, Jr.; $150,000 was refunded to the defendant, and the corporate surety bond was discharged.



(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

Exhibit 8-1—USAG Alexander H. Southwell and disgraced former SEC lawyer Jeffrey B. Norris' collusion during the Las Vegas Bootleg Grand Jury proceedings regarding Ex. 8, supra, the Hobbs Act armed robbery on Sept. 1, 2004, in Atlanta, GA of Ulysses T. Ware.



Thursday, October 12, 2023
(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

Exhibit 9--Concealed and suppressed actual innocent Brady exculpatory evidence of a person that is claimed to be "Ari Rabinowitz." Proof of the RICO loan sharking conspiracy.



The Alpha Capital scam is estimated to have fleeced the public of more than $3-4 billion (US Dollars). Ari Rabinowitz testified for the Government in 1224(RWS) at Tr. 206 (Ex. #5) under cross-examination by Ware as follows:

Q: Approximately how many companies have you assisted Alpha Capital with, let's say the last 5 years?

A. A good few hundred.

Q. A good few hundred?

A. Yes.

Rabinowitz further testified, Tr. 217-19, as follows:

Q: Did you on behalf of Alpha Capital invest in a company by the name Cybernaut?

A: Yes.

Q: How much did you invest in Cybernaut?

A: A few million over a few years.

Q: How much did you make on this investment?

A: We made alot of money. I don't remember.

Q: How much is alot?

A: Maybe $10 million.

Q: So you made $10 million on a [few] million investment?

A: Give or take.

Q: Now, when you started investing in [Cybernaut] wasn't the stock trading over $9 and went to 42 cents a share [after you and Alpha Capital shorted the stock]?

* * *

Taking Rabinowitz' testimony at Tr. 206, "a good few hundred" companies he and Alpha Capital AG invested in, with the amount of money Rabinowitz admitted to making on Cybernaut, Tr. 218-19, "[m]aybe $10 million," the Badian Gang's insider-trading scam has criminally profited by: (300-400 companies) multiplied by ($10,000,000) equals $3-4 billion (US Dollars) in ill-gotten gain: a continuing criminal financial enterprise operated from within the U.S. Courthouse at 500 Pearl St, New York, NY, and One St. Andrews Plaza, New York, by Art. III judicial officers and DOJ Officials and staff.

U.S. v. Ware, 04-CR-1224(RWS) and 05-CR-1115(WHP) were both brought by officials of the DOJ and SEC involved in the billion dollar insider-trading scam to protect the ill-gotten profits of the criminal enterprise,

Exhibit 10—GX 24 (04cr1224) August 13, 2003, judicial admission of 15 USC 78p(b) statutory insider status for each 02cv2219 (SDNY) plaintiff—that is, each plaintiff is required to disgorge back to Ulysses T. Ware and GPMT *all illegal insider trading short-swing profits*—which require that the Court order the USAO to file with the Court a certified accounting from each plaintiff, LH Financial Services, Ari Rabinowitz, and Konrad Ackermann, regarding all illegal insider-trading 15 USC 78p(b) strict-liability short-swing profits realized by each plaintiff from trading in GPMT's equity securities.

Actual innocent Brady exculpatory evidence.

# No. 23-865

#65

*(U.S. DISTRICT COURT FILED AUG 18 2003 S.D. OF N.Y.)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ALPHA CAPITAL AKTIENGESELLSCHAFT,
AMRO INTERNATIONAL, S.A.,
MARKHAM HOLDINGS, LTD., and
STONESTREET LIMITED PARTNERSHIP,

## Appx 34-2

Unregistered broker-dealers

Plaintiffs,

02 Civ. 2219 (LBS)

-against-

**ORDER**

GROUP MANAGEMENT CORP.,
formerly known as IVG CORP.,
formerly known as INTERNET
VENTURE CORP.,

# GX 24

GX 24 pleaded the Gov't out of
court--actual innocent, Article II,
affirmative defenses pleaded on
the face of the 04cr1224
indictment, Appx. 26.

Defendant.

------------------------------------------------------------X

SAND, District Judge.

In a telephonic conference on July 2, 2003, this Court ordered that Defendant Group

A Hobbs Act extortion, and 18 USC 1961(6)(B) criminal usury, unlawful debt collection activity.

Management comply with a conversion request by Plaintiff Stonestreet L.P., contingent on the

provision by Plaintiff of an affidavit stating, inter alia, that Stonestreet beneficially owned less

than 9.9% of Group Management's common stock, as well as an opinion letter stating that the

conversion would therefore be in compliance with Rule 144(k). See Tr. July 2, 2003. Plaintiff
A legal impossibility given each plaintiff judicially confessed to Section 2(a)(11) statutory underwriter status in
GX 5, para. 10.1(iv), as did the Government.

subsequently provided an unsworn statement to the effect that Stonestreet's ownership was

below the appropriate level; when Defendant still failed to honor the conversion request, the

Court ordered on July 23 that i) Plaintiff provide a sworn affidavit, as required by July 2 Order;

and ii) that Defendant honor the Stonestreet conversion request within two business days

thereafter, on pain of contempt.

On August 1, 2003, the Court received from Plaintiff copies of an affidavit and opinion

**COPIES MAILED TO ALL PARTIES** 08 6/13

*(margin: MICROFILM 9:00 AM AUG 14 2003)*

Exhibit 10-1 (Con't)—GX 24

On August 13, 2003, in illegal ex parte communications between Judge Sand, Kenneth Zitter, et al., Stonestreet, LP judiciallly admitted that it in fact owned more then 9.9% of GPMT's stock, and thus judicially admitted to 15 USC 78p(b) statutory insider and affiliate status not only for itself, but also for each 02cv2219 plaintiff--that is, each plaintiff and their agents are requried to disgorge back to GPMT all profits derived from trading in GPMT's stock--$500 million is owed from Kilpatrick, Townsend, & Stockton, LLP, Wendy L. Hagenau, Coleman Ray Mullins, Joyce Bihary, M. Regina Thomas, Patricia Sinback, Dennis Meir, John W. Mills, III, J. Henry Walker, IV, David N. Kelley, Michael J. Garcia, Amalya L Kearse, Robert S. Sack, Colleen McMahon, Edgardo Ramos, Maria Douvas, Nicholas Goldin, Katherine Polk-Failla, Sarah E. Paul, Preet Bharara, Joon Kim, Damian Williams, et al.

letter relating not to Plaintiff Stonestreet, but rather to Plaintiff Alpha Capital. **Plaintiff**

**explained, upon inquiry from Chambers, that Stonestreet in fact beneficially owned more than**

**9.9% of Group Management's stock.**

Given the above facts, the Court observes that the conditions set in the July 2 Order

regarding the Stonestreet conversion request have not been met, and that Defendant is therefore

not in contempt of that Order, or of the follow-up Order of July 23. Nonetheless, pursuant to

other orders of this Court, including the Order and Judgment of November 25, 2002, Defendant

is still bound to honor appropriate conversion requests from Alpha Capital, **and Plaintiff has**

Hobbs Act extortion, robbery, and 18 USC 1961(6)(B) RICO unlawful debt collection activity, see Appx. 34-3.
**submitted both an affidavit and opinion letter regarding the legality of the current Alpha**

**conversion request.** Accordingly, failure by Defendant to honor that request within ~~two~~ four (4) business *105*

days of this Order shall constitute contempt.


SO ORDERED.

Dated: New York, New York
August ~~18~~, 2003
15

*105*

Leonard B Sand
U.S.D.J.


Appx. 34-3, the Hobbs Act extortion, robbery, and 18 USC 1961(6)(B) RICO unlawful debt collection activity--the false and fraudulent July 3, 2003, purported affidavit of Stonestreet, LP is indisputably actual innocent, Brady exculpatory and impeachment evidence which as a matter of law and fact acquitted Ulysses T. Ware, Esq. of all charges in 04cr1224.

Exhibit 11—Suppressed and concealed Norris Brady impeachment evidence regarding the SUAO's 04cr1224 (SDNY) FRE 404(b) witness, disgraced former SEC lawyer Jeffrey B. Norris' professional bad acts.

## Background

> Norris served as a Trial Attorney with the SEC from February 23, 1992, until he was removed on August 28, 2009. Before the events leading to his removal, discipline was initiated against Norris for exercising poor judgment and misuse of government email on two separate occasions. In 2007, Norris was suspended from service without pay for one day for exercising poor judgment in emailing an attorney who represented a witness in an ongoing SEC case, and expressing his opinion about the merits of the case. Thereafter, from March to May 2007, Norris exchanged a series of antagonistic emails from his SEC email account, and in which he identified himself as SEC trial counsel, with businessman Mark Cuban, owner of the Dallas Mavericks professional basketball team. Based on this exchange, Norris was suspended without pay for fourteen calendar days due to his misuse of government email.

Exhibit 12—Conspiracy between Colleen McMahon, Wendy L. Hagenau, and the USAO—the coordinated, collusion, and action in concert to conceal, suppress, and cover up actual innocent Brady exculpatory and impeachment evidence.[37]



---

[37] Note that on 10.27.22 according to the Administrative Office of the U.S. Court's judicial financial records District Judge (SDNY) 02cv2219 (SDNY) Colleen McMahon and her alleged spouse, Frank V. Sica, **_personally owned more than +$22 million in NYS Penal Law, section 190.40, the criminal usury law, a class E. felony, and 18 USC 1961(6)(B) unlawful debt_**, cf., with GX 1-4, GX 5, GX 7, GX 11, GX 24, and GX 34 (02cv2219)—orders and judgments, the same subject matter which Judge McMahon and her spouse had a **_significant pecuniary, and penal interest_** in concealing and suppressing—**_that is, Judge McMahon was required to have recused herself from the 02cv2219 (SDNY) proceedings pursuant to 28 USC 455(a), 455(b)(1-5), and the Code of Conduct for Federal Judges. She did not for obvious personal financial and penal reasons._**

Thursday, October 12, 2023
(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

Exhibit 13—DOJ's EOUSA's March 20, 2023, Admission of Brady violations, and civil and criminal contempt, 18 USC 401(2), 401(3), of the Brady court orders entered in the Criminal Proceedings.



**U.S. Department of Justice**

Executive Office for United States Attorneys

| | | |
|---|---|---|
| Freedom of Information and Privacy Staff | Suite 5.400, JCON Building<br>175 N Street, NE.<br>Washington, DC 20530 | (202) 252-6020<br>FAX (202) 252-6048 |

March 20, 2023

Ulysses Ware
123 Linden Blvd
Brooklyn, NY 11226
Utware007@gmail.com

Re: Request Number: EOUSA-2023-000907
Date of Receipt:        11/23/2022
Subject of Request:    Records – Self
District:                    Southern District of New York

Dear Ulysses Ware:

We are currently searching for documents responsive to your FOIA/PA request, and we have reached the two hours of search time provided to you at no charge. Department of Justice Regulations, specifically 28 CFR 16.11(i), provide that our office may collect an advance payment **before we continue processing your request** if we estimate fees will exceed $250.00. We estimate that an additional 13 hours will be required to complete the search for the records you requested. Our normal fee for search time is $40 per hour, thus resulting in a fee for search time of $ 520.00. In addition, the Southern District of New York has informed us that the search would entail searching through over 15 boxes of records for documents that may be potentially responsive to your request. We do not know at this time, prior to a complete search, how many responsive pages would be found. Although not all of these pages are likely to be released to you, you should note that we charge $0.05 per page for duplication of documents that are released to you after the first 100 pages, which are free.

Accordingly, an advance payment of $520.00 in the form of a check or money order, payable to the Treasury of the United States, must be received by this office before we will continue processing your request. **Please indicate on the face of the check the above request number and mail it to the above address.**

If you wish to reduce your fees, you may reformulate your request by limiting the documents to a specific category or categories. Or, if you specify that you will only pay up to a certain amount, we will process your case up to that amount. Finally, keeping in mind that the first two hours were free, you may direct that we terminate your search.

Thursday, October 12, 2023
(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

Exhibit 14—Reporting on the death (murder for hire) of Jewish NYC Loan Sharking/Money Laundering/Extortion Mob Boss Soloman Obstfeld, the CEO of LH Financial Services.

Thursday, October 12, 2023
(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

According to sources speaking on the record Obstfeld was " murdered" [as a Hobbs Act], "[M]urder for hire conspiracy" ... "to control LH, the courts, and Alpha" the NY loan sharking, money laundering, and extortion criminal enterprise ...."

## Shady, 'thuggish' mogul Solomon Obstfeld ran with powerful pals, no one's buying 'suicide' story

 By **NEW YORK DAILY NEWS** | staff@nydailynews.com |
PUBLISHED: June 18, 2010 at 1:15 a.m. | UPDATED: January 11, 2019 at 6:50 a.m.

A wealthy Brooklyn investor plunged to his death from the 19th floor of the posh Jumeirah Essex House – leaving behind a tangle of mysteries, murky business deals and an international bribery scandal.

The medical examiner has ruled Solomon Obstfeld's June 9 death a suicide.

But some associates of the highly religious Bobover Hasidic Jew insist the millionaire father of five never would have killed himself – certainly not without leaving a will.

"There's a wall on the terrace. Kobe Bryant could not jump over that – what, a 9-foot wall? Shaquille O'Neal could not make it over. But Solomon did? With no chair, no witnesses, no note, no will left behind?" asked an incredulous family friend.

Obstfeld, 55, who traveled in powerful international circles and ran the Central Park South investment firm LH Financial, had a low profile – but a host of entanglements.

He made headlines in an ugly fight for control over a Brooklyn condo project.

He was feuding with a powerful rabbi in a rent dispute.

And his Austrian business partner landed in legal hot water just yesterday in a bribery scandal involving Israeli icon Ariel Sharon.

Shady business pals

Billionaire Martin Schlaff, a business tycoon from Vienna whose tentacles reach from Russia to Cyprus to the Middle East, was recommended for indictment by Israeli cops on charges of slipping Sharon, then prime minister, a $3 million bribe in 2002.

Schlaff wanted to open a floating casino near Israel's Red Sea resort of Eilat. Sharon's sons were recommended for indictment, too, for acting as bagmen. Sharon would also have been sent for prosecution, cops said, but he's been in a coma for four years.

Obstfeld was not named in the bribery case, but he and Schlaff were partners in several projects, sources said.

Thursday, October 12, 2023
(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

"Not everyone liked [Obstfeld]," another friend said. "To some, he was a generous man, but look at who he was in business with – they are troubling people."

Obstfeld's ties to Israeli pols apparently were quite strong.

Former Israeli Prime Minister Ehud Olmert recently spent half a day at LH Financial's Central Park South offices, a source said.

At the time of his death, Obstfeld was trying to sell a lavish Essex House apartment he had owned for years – No. 1916, bundled with two adjacent apartments he also owned, for $6.5million.

His broker was advertising the five-bedroom, 3,330-square-foot result as "the largest home in the Essex House."

Obstfeld took his death plunge from No. 1916.



Obstfeld alleged "murder" is currently the subject matter of an international criminal investigation being conducted by a business intelligence group (BIG) financed by an international banking and financial institution.

# New York – Claim: Israeli Rabbi Put Death Curse on Obstfeld

June 21, 2010 7:54 am

By admin

💬 92

Share | Facebook | WhatsApp | Twitter | Linkedin | +



New York – The mysterious death of an Orthodox Jewish millionaire on June 9 in New York has sparked a whirlwind of rumors, even though the medical examiner ruled the death a suicide.

Solomon (Shlomo) Obstfeld fell to his death from the 19th floor of his posh Manhattan apartment, and while New York police have yet to close the case, Obstfeld's family members and close friends believe he was murdered and have hired a private investigator to look into his death.

A friend of the Obstfeld family told Haaretz on Sunday that Obstfeld, 55, was murdered as the result of a conflict with an Israeli rabbi who had cast a "pulsa denura" death curse on Obstfeld.

According to the police investigation, no ladder or chair was found near the spot from which Obstfeld plunged to his death, a fact that bolsters the family's belief that he was murdered.

At this point, however, it does not appear that police are taking the family's suspicions seriously.

Many in New York's Jewish community are wondering whether a devout Orthodox father of five would take his own life.

Thursday, October 12, 2023
(38) Part 20-0 re Notice of and L.R. 27-1 Murder for hire conspiracy, actual innocent Emergency Motion and requested reliefs.

**End of document.**

## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Ulysses T. Ware

v.

United States, et al.

**CERTIFICATE OF SERVICE***

Docket Number: 23-865 and 23-869

I, Ulysses T. Ware , hereby certify under penalty of perjury that

(print name)

on October 12, 2023 , I served a copy of Part 21, to L.R. 27-1 motion for COA,

(date)

Rule 27-1 motion for relief--certified Section 16 accounting, certified chain of custody, Colleen McMahon's CPN investments, and additional emergency reliefs.

to file a moot appeal, to recall the mandate in 04cr1224, and to remand to dismiss the 04cr1224 indictment with prejudice.

(list all documents)

by (select all applicable)**

___ Personal Delivery        X United States Mail        ___ Federal Express or other
                                                              Overnight Courier

___ Commercial Carrier       X E-Mail (on consent)   served via implied consent and acquiescence.

on the following parties:

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| Damian Williams | via email/and U.S. mail | New York | NY | 10007 |
| Merrick B. Garland | via email to Jeffrey R. Ragsdale/and U.S. mail | Washington | DC | 20530 |
| Won Shin | via email/and U.S. Mail | New York | NY | 10007 |
| The Director of the FBI | Washington,DC | | | |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

October 12, 2023                    /s/ Ulysses T. Ware

Today's Date                        Signature

Certificate of Service Form (Last Revised 12/2015)